418 F.2d 235
 William B. RICHARDSON, on Behalf of Himself and others
Similarly Situated
v.
David M. KENNEDY, Secretary of the Treasury, United States
Government.
William B. Richardson, Appellant.
 No. 17835.
 United States Court of Appeals Third Circuit.
 Submitted on Briefs Oct. 7, 1969.
Decided Oct. 28, 1969, As Corrected Nov. 25, 1969.
 
 William B. Richardson, pro se.
 Richard L. Thornburgh, U.S. Atty., Thomas A. Daley, Pittsburgh, Pa., for appellee.
 Before McLAUGHLIN, FORMAN and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Although the pro se brief of the appellant addresses itself extensively to the question of his standing to challenge the constitutionality of the Postal Revenue and Federal Salary Act of 1967, 2 U.S.C.A. 351-361, that issue is not before us. What is presented is the narrow question of whether the refusal of the district court to issue a temporary restraining order against execution of the Act is subject to review by this court.
 
 
 2
 Four days prior to the effective date of the statute, the appellant brought suit against the Secretary of the Treasury, seeking to block payment of congressional salary increases authorized by the Act, on the grounds that the procedures set forth in the Act violated Article I, Section 6, Clause 1 of the Constitution. The Complaint asked that a three-judge court be convened for a 'speedy hearing,' and that if the constitutional issue could not be adjudicated by the court before payment of the salary increases, that a temporary restraining order be issued prohibiting such payments until final court determination of their legality.
 
 
 3
 Noting its 'grave doubts' about the plaintiff's standing, that no service of process had been made on the defendant, much less a responsive pleading filed, the district court declined to issue a temporary restraining order or recommend a three-judge court. The order entered simply stated: 'We take no further action except to refrain from exercising temporary jurisdiction. The further disposition of the case should await the service of process and the responsive pleading of the defendant.'
 
 
 4
 For the same reasons which governed our decision in Pennsylvania Motor Truck Ass'n. v. Port of Philadelphia, 276 F.2d 931 (3 Cir. 1960), declaring that the issuance of a temporary restraining order under Fed.R.C.P. 65(b) was not an appealable order, we hold that the refusal to issue such an order is equally not appealable. We express no opinion on the propriety of convening a three-judge court since the district court has reserved judgment on the matter pending further disposition of the case.
 
 
 5
 The appeal will be dismissed for want of jurisdiction.