**UNITED STATES of America,**
**Appellee,**

**v.**

**Peter A. CRUSCO, Appellant in No. 72–1004, and Philip A. Cimmino.**

**Appeal of Philip A. CIMMINO, in No. 72–1005.**

**Nos. 72–1004, 72–1005.**

United States Court of Appeals, Third Circuit.

Submitted June 20, 1972 Under Third Circuit Rule 12(6).

Decided July 11, 1972.

Robert B. Cherry, Paterson, N. J., for Crusco.

Paul A. Goldberger, Goldberger, Asness, Feldman & Breitbart, New York City, Peter A. Buchsbaum, American Civil Liberties Union of New Jersey, Newark N. J., of counsel and on the brief, for Cimmino.

Marc L. Dembling, Asst. U. S. Atty., Herbert Stern, U. S. Atty., Newark, N. J., for appellee.

Before ALDISERT, JAMES ROSEN and HUNTER, III, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The defendants, Peter Crusco and Philip Cimmino, were arrested on August 13, 1971 and indicted on December 2, 1971 for conspiracy to distribute narcotics and for the substantive offense of selling heroin. They were charged with violating 21 U.S.C. §§ 812, 841(a) (1) and 841(b) (1) (A).

The day after the indictment was returned, the defendants proceeded before Judge Whipple and filed an order to show cause (1) why the United States Attorney for the District of New Jersey "ought not to be precluded from continuing the prosecution," or (2) "why any Indictment or Indictments which may have been handed up in the within matter ought not to be dismissed." By the terms of the order submitted for court approval, the United States Attorney for the District of New Jersey would have been "permanently enjoined and restrained" from proceeding to seek an indictment.[1] The appellants claimed that such injunctive relief was warranted because the Government had allegedly failed to fulfill its part of a "bargain" which all the parties to this appeal had made in September, 1971. Crusco and Cimmino contended that, under the terms of this "bargain" they gave to the Government "tapes and confidential communications" which were "crucial to their defense" in order to help the Government make a comprehensive investigation of whether a Government agent had acted illegally in pursuing the appellants. The defendants were also allegedly required to "refrain from filing motions" so that the Government's investigation could be expedited. In return, the Government was said to have promised them a "comprehensive full report of the results of the investigation" and dismissal of the indictment in the event that illegality were uncovered. The appellants filed for injunctive relief on the ground that the Government had breached this "bargain" and that the Government's action "has made any preparation of a defense an impossibility."[2]

The judge denied the relief requested in the order "without prejudice to proceed by notice of motion." The present appeal is taken from this denial.

After the appellants filed their appeal and unsuccessfully sought a stay of the district court proceedings pending the disposition of the appeal, they filed a notice of motion for a restraining order, or in the alternative a dismissal of the indictment. A hearing was held on February 14, 1972, after which the parties entered into a February 25th consent order providing that there be an evidentiary hearing on March 15, 1972 so that

---

1. We note that the appellants applied to enjoin the United States Attorney from seeking an indictment one day after the indictment had been returned.

2. Affidavits of appellants' attorneys.

**1062**

the court could determine the facts relevant to the appellants' claim for relief.[3]

The appellants assert that they are entitled to review of the judge's denial of the order to show cause on the basis of 28 U.S.C. § 1292(a) (1), which permits appeals from motions for injunctive relief.[4] To prevail on this contention, they must demonstrate that the order denied by the district judge was in fact an injunction, because denials of temporary restraining orders are generally not appealable. Richardson v. Kennedy, 418 F.2d 235 (3d Cir. 1969); United States v. Chelsea Towers, 404 F. 2d 329, 330 (3d Cir. 1968); Pennsylvania Motor Truck Association v. Port of Philadelphia Marine Terminal Association, 276 F.2d 931 (3d Cir. 1960). Cf. Pan American World Airways v. Flight Engineers' International Association, 306 F.2d 840, 843 (2d Cir. 1962); Perlman v. United States, 247 U.S. 7, 13, 38 S.Ct. 417, 62 L.Ed. 950 (1918).

The order to show cause submitted by the appellants to the district judge requested the issuance of a permanent injunction, prior to a hearing and without notice to the Government. The relief requested is not available, however, through an *ex parte* procedure. Judge Whipple accordingly denied the order to show cause and directed the appellants to seek their injunctive relief by way of a notice of motion. F.R.Crim.P. Rule 12(a).

Why the appellants believed they could obtain a permanent injunction without notice or a hearing is beyond our understanding. Even if we assume the appellants' erroneous premise that injunctive relief is as available in criminal matters as it is in civil practice, the appellants were nonetheless not entitled to obtain more than a temporary restraint through an *ex parte* proceeding.[5] Despite the confusion wrought by the appellants' unorthodox and, indeed, impermissible hybrid application for an order to show cause, it is clear that the district court did not deny injunctive relief. While refusing a temporary restraint, the district court explained to the appellants that they could still give notice, obtain the requisite hearing and seek an injunction of the prosecution and a dismissal of the indictment.[6] Both parties consent-

3. The relevant parts of the February 25 consent order provided

"1. That a factual hearing be held * * * to determine whether an agreement had been reached between the United States Government and the defendants' attorneys.

2. To determine if such an agreement had been reached, whether such an agreement had been broken by either the United States Government or either of the attorneys of the defendants.

3. To determine whether there was a legal or equitable basis for such an agreement, if it exists, to be enforced.

4. To determine if such an agreement had been entered and if the United States Government had broken the agreement, whether or not the defendant was prejudiced by the breaking of said agreement."

The order stated that "[c]onsent is hereby given to the form of and entry of the within Order." Judge Whipple, the at-

torneys for each of the appellants, and the United States Attorney all affixed their signatures to the order.

4. The appellants do not argue that the judge's decision constituted "a final order" within the meaning of 28 U.S.C. § 1291.

5. Under F.R.Civ.P., Rule 65, even a preliminary injunction may not issue "without notice to the adverse party." A temporary restraint may be granted without notice if "irreparable" injury would otherwise occur, but such an order normally expires within ten days of the time of entry and the restrained party may "[o]n 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, * * * move its dissolution or modification * * *." Rule 65(b).

6. Since the indictment has already been handed down by the grand jury, it would be meaningless for the district judge to consider the appropriateness of enjoining its return.

ed to a hearing scheduled for February 25, 1972, but it was postponed pending this appeal.

The denial of the order to show cause cannot properly be construed as a § 1292(a) (1)· denial of injunctive relief. The motions for injunctive relief and dismissal of the indictment[7] are still before the district court and are yet to be decided. What the judge did was simply to inform the appellants that there was no *ex parte* short cut to a permanent injunction and that if they wanted to try to enjoin the Government or have the indictment dismissed, they would have to proceed via notice of motion, the normal route.

We find that the judge's denial of the order to show cause was not appealable within the meaning of § 1292(a) (1). Richardson v. Kennedy, *supra.* A mandate will issue to dismiss this appeal for want of jurisdiction.

---

7. The procedure normally used to arrest improper criminal proceedings is a motion to dismiss the indictment. F.R. Crim.P., Rule 12(a).