

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2003

# Ambiance Inc v. Mun Monroeville

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Ambiance Inc v. Mun Monroeville" (2003). *2003 Decisions.* Paper 486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-4288

———

AMBIANCE, INCORPORATED,

Appellant,

v.

MUNICIPALITY OF MONROEVILLE

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-CV-1998)

District Judge:  The Honorable Gary L. Lancaster

———

Submitted under Third Circuit LAR 34.1(a)
Thursday, May 15, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed June 3, 2003)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

    Before we may decide the substantive merits of Ambiance, Inc.'s appeal from an

Order denying a petition for a temporary restraining order (TRO) against the

Municipality of Monroeville, Pennsylvania in a building permit controversy, we must

decide whether this proceeding comes within the general rule that the issuance or denial

of a TRO is not appealable, Richardson v. Kennedy, 418 F.2d 235, 235 (3d Cir. 1969), or

within the exception permitting an appeal if the TRO "decides the merits of the case or is

equivalent to a dismissal of the claim." Page v. Bartels, 248 F.3d 175, 185-186 (3d Cir.

2001). Appellant argues that the order is immediately appealable because it is

tantamount to a denial of preliminary or permanent injunctive relief sought by Ambiance.

We disagree with the Appellant's contention and will dismiss this appeal for want

of jurisdiction. Richardson, 418 F.2d at 235 (holding that the refusal to issue a TRO is as

"equally not appealable" as an order issuing a TRO).

Because the parties are familiar with the facts and the proceedings in the district

court, we limit our discussion to the controlling legal precepts involved.

On November 19, 2002 the district court ruled:

> Before the Court is Plaintiff's Motion for temporary restraining order. . . .
> At this juncture, and based on the allegations contained in the complaint
> and the representations of counsel, it cannot be said that the complaint is
> frivolous. Yet, we find that plaintiff has not set forth a factual basis which
> demonstrates that irreparable injury will result if a temporary restraining
> order is not entered or, if the Plaintiff is ultimately successful, the injury he
> will sustain cannot be remedied by other means. . . . At the end of this
> hearing, you will meet with Mr. Palus[1] and arrange for a time for an

[1]Michael Palus is the Courtroom Deputy Clerk for Judge Lancaster. The court was ordering counsel to meet with the Courtroom Deputy Clerk to set a date, ostensibly for a hearing on the request for a preliminary injunction.

evidentiary hearing.

App. at 3-5 (emphasis added).

On November 22, 2002, Appellant moved "for injunction pending appeal" from a November 19, 2002 district court order denying Ambiance's motion for "preliminary equitable relief." The court denied the motion.

On November 25, 2002, Appellant took an appeal to this court. There is no record that a preliminary injunction hearing was held in the district court, nor is there any record that the district court entered any order that decided the merits of the case or one that amounts to a dismissal of the claim. All the record shows is the district court's statement addressing the Plaintiff's motion for a TRO.

Significantly, even in Appellant's proposed Order accompanying its motion for an injunction pending appeal, there is no statement that the court denied a preliminary or permanent injunction or decided the case on the merits. It stated instead that the court had denied the "motion for preliminary equitable relief,"– a description totally consonant with the court's characterization of Appellant's motion "for temporary restraining order."

Under these circumstances we cannot say that the district court's order denying the TRO and ordering the parties to arrange for a date for a hearing on a preliminary injunction constituted an order that "decides the merits of the case or is equivalent to a dismissal of the claim" so as to bring this case within the exception to the general rule that orders denying a TRO are not appealable. Page, 248 F.3d at 186.

In the light of the foregoing, we do not believe that a discussion of the other issues[2] raised by Appellant is necessary.

The appeal will be dismissed for want of jurisdiction.

/s/ Ruggero J. Aldisert
Circuit Judge

---

[2]In Monroeville, sexually oriented businesses are permitted in District M-2, Industrial. Ambiance applied for a building permit for a store in a District C-2, Business Commercial and represented that the permit was for the retail sale of women's wear. Monroeville's planning director was informed that "more than women's wear" would be sold in Appellant's store. After reviewing Appellant's Web site and personally visiting its sister store in Ohio (also known as Ambiance), the director determined that Appellant intended to sell sexually oriented novelties, such as dildos, sexual aids, videos and magazines – all of which are prohibited from being sold in a District C-2. Appellant filed this action under 42 U.S.C. § 1983, challenging the constitutionality of Monroeville's zoning ordinance.