# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 29, 2011

Lyle W. Cayce
Clerk

No. 10-51208
Summary Calendar

BROCK PURVIANCE,

Petitioner-Appellant

v.

CLAUDE MAYE, Warden, Federal Correctional Institution Bastrop,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-255

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brock Purviance, former federal prisoner # 34230-013, filed a 28 U.S.C. § 2241 habeas corpus petition in the Western District of Texas challenging Bureau of Prison (BOP) regulations that categorically excluded him from eligibility for early release upon completion of a residential drug treatment program. The district court dismissed the petition for failure to exhaust administrative remedies.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51208

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

According to the BOP website, Purviance was released from prison on July 15, 2011, and his prison sentence can therefore no longer be shortened. *Cf. United States v. Booker*, ___ F.3d ___, 2011 WL 2505070, at *1 (5th Cir. June 24, 2011) (relying on the prison release date shown on the BOP website to find that the appellant's claim was moot). Although a district court may alter a petitioner's period of supervised release in an appropriate case pursuant to 18 U.S.C. § 3583(e)(1) or (2), *United States v. Johnson,* 529 U.S. 53, 60 (2000), the district court in this case lacks jurisdiction to grant such relief with respect to Purviance's 25-year term of supervised release. The sentencing court has jurisdiction over that issue, *see* § 3583(e), and Purviance was sentenced in another district. A sentencing court can transfer such jurisdiction to another district court, *see* 18 U.S.C. § 3605, but no transfer occurred in this case. Therefore, there is no possibility that the district court may alter Purviance's period supervised release under § 3583(e), *see Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and we dismiss this appeal as moot. We likewise deny all pending motions as moot.

APPEAL DISMISSED; MOTIONS DENIED.