NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3844 and 14-4032
_____

GLOBUS MEDICAL, INC.

v.

VORTEX SPINE, LLC;
JAMES CHAPMAN LONG,
                                        Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-03105)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2015

Before:  FISHER, JORDAN and GREENAWAY, Jr., *Circuit Judges*.

(Filed: April 1, 2015  )
_____

OPINION[*]
_____

_____

      [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Vortex Spine, LLC ("Vortex") and James Chapman Long ("Long") appeal the district court's order of September 5, 2014, granting a temporary restraining order to Globus Medical, Inc. ("Globus"). We will vacate and remand.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Globus is a company that manufactures spinal implant products. Vortex is a company that distributes spinal implant products. Long is the sole owner of Vortex. In 2004, Globus contracted with Vortex to have Vortex sell its spinal implant products. As part of this agreement, Globus and Vortex signed an Exclusive Distributorship Agreement ("EDA") in 2004. The EDA, which granted Vortex the exclusive right to sell Globus's products in areas of Louisiana and Mississippi, periodically expired and was renewed by the parties upon each expiration. In the EDA, Vortex and Long agreed not to sell any products made by other spinal product companies within the designated geographic areas for two years after the EDA terminated. In addition, Vortex and Long agreed not to induce or influence any Globus employee to leave his or her position at Globus for two years after the EDA terminated. The last version of the EDA was

effective from January 1, 2010, to December 31, 2013. The EDA was extended through April 18, 2014, pursuant to a written amendment, at which point it expired.

On June 2, 2014, Globus filed a complaint against Vortex and Long alleging, among other things, that they were selling competing products in violation of the EDA's non-competition clause. It also asserted claims for unfair competition and tortious interference, and requested monetary damages and injunctive relief. Globus simultaneously filed a motion for a temporary restraining order and preliminary injunction, seeking to enjoin Vortex and Long from selling competing products. On June 9, 2014, the district court entered a temporary restraining order prohibiting Vortex and Long from doing so.

Following this order, the parties engaged in expedited discovery—a process that was coordinated with a state court action in Louisiana concerning the applicability of No Competition and Non-Disclosure Agreements ("NCND Agreements") between Vortex and two of its former sales associates. In that action, Globus sought to enforce the NCND Agreements, and requested that, pursuant to an assignment clause, Vortex assign all of its rights and benefits under the NCND Agreements to Globus. Globus contends that Vortex refused to do so. Globus then filed a second motion for a temporary restraining order and preliminary injunction in the district court. The court entered an order on September 5, 2014, directing Vortex and Long to assign all of their rights and benefits under the

3

NCND Agreements to Globus. Vortex and Long timely appealed that order. On October 30, 2014, this Court entered an order staying the district court's order.

## II.

The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We review a district court's grant of injunctive relief for abuse of discretion, its factual findings for clear error, and its determinations of questions of law de novo.[1]

## III.

We need only address two questions on appeal. First, does this Court have jurisdiction over the district court's September 5, 2014, order? Second, did the district court err when it did not require Globus to post a bond in conformity with the adequate security requirement of Rule 65(c) of the Federal Rules of Civil Procedure?

## A.

The order that the district court issued on September 5, 2014, was styled as a temporary restraining order. A temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is generally not appealable.[2] This Court, however, has jurisdiction to review preliminary injunctions under 28 U.S.C. § 1292(a)(1). Therefore, if an order styled as a temporary restraining order is in fact a preliminary injunction, we have appellate jurisdiction.

---

[1] *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 178 (3d Cir. 2008) (citing *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).

[2] *United States v. Crusco*, 464 F.2d 1060, 1062 (3d Cir. 1972) (per curiam).

When a temporary restraining order extends "far beyond" the fourteen-day expiration date mandated in the Federal Rules of Civil Procedure, the order "lose[s] its character" as a temporary restraining order and becomes an appealable preliminary injunction.[3] Here, the clerk of the court entered the order in question on September 5, 2014. This order therefore would expire after fourteen days if it was a temporary restraining order unless the district court for good cause extended it for a like period and entered the reasons for the extension in the record.[4] The district court's order did not extend the expiration date, stating only that the order would last until further court order. As of the date of our order to stay the district court's September 5, 2014 order, 57 days had passed, thus extending "far beyond" Rule 65's presumptive fourteen-day expiration. For these reasons, the September 5, 2014, order is an appealable preliminary injunction under § 1292(a)(1), over which we have jurisdiction.

## B.

In most instances, Rule 65(c) requires a district court to set a bond when it issues a preliminary injunction or temporary restraining order. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found

---

[3] *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1150, 1153-54 (3d Cir. 1982).

[4] Fed. R. Civ. P. 65(b)(2).

to have been wrongfully enjoined or restrained."[5] We interpret this requirement strictly. This is why "the instances in which a bond may not be required are so rare that the requirement is almost mandatory. . . . [A]bsent circumstances where there is no risk of monetary loss to the defendant, the failure of a district court to require a successful applicant to post a bond constitutes reversible error."[6] In this case, the district court did not require Globus to post a bond when it granted the temporary restraining order. Rather, it merely ordered that "[d]efendants shall immediately assign all of its rights and benefits under any and all NCND Agreements to Plaintiff."[7] Therefore, it erred by violating the strictures of Rule 65(c)—unless this case qualified under an exception.

We have articulated only one exception to the bond requirement. A bond may not be required when the injunction does not subject the enjoined party to compensable monetary losses.[8] In this case, the district court in its order did not address whether or why Vortex was not at risk of monetary loss. It merely stated that the harm Globus was suffering substantially outweighed any harm that might be caused by the preliminary injunction. In addition, it provided no analysis as to the economic impact of the order. For these reasons, we find that the district court erred when it did not require Globus to post security in conjunction with the order.

---

[5] Fed. R. Civ. P. 65(c).
[6] *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988).
[7] App. at 21.
[8] *Frank's*, 847 F.2d at 103.

## IV.

For the reasons set forth above, we will vacate the temporary restraining order and remand to the district court.