ALD-354                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1544
_____

MOURAD ELLAKKANY,
                              Appellant

v.

THE COMMON PLEAS COURT OF MONTGOMERY COUNTY;
THE DISTRICT ATTORNEY OFFICE OF MONTGOMERY COUNTY;
MAURINO J. ROSSANESE, JR.; PATRICIA E. COONAHAN;
WILLIAM J. FURBER, JR.; JOHN DOES; MICHAEL D. MARINO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-00983)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2016
Before:  AMBRO, SHWARTZ, and NYGAARD, Circuit Judges

(Opinion filed:  July 27, 2016)
_____

OPINION*
_____

PER CURIAM

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Mourad Ellakkany appeals from the district court's order denying his motion for a temporary restraining order and preliminary injunction. Because we conclude that this appeal presents no substantial question, we will grant the Appellees' Motions to summarily affirm the order. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Ellakkany, a pro se prisoner, initiated this action by filing a Complaint alleging that multiple defendants affiliated with the Court of Common Pleas of Montgomery County violated various provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by engaging in a conspiracy that caused Ellakkany to be subjected to peonage and imprisonment. Ellakkany named the following parties in the Complaint: (1) the Court of Common Pleas of Montgomery County; (2) the District Attorney's Office of Montgomery County; (3) Judge Maurino J. Rossanese, Jr.; (4) Michael D. Marino, former Montgomery County District Attorney; (5) President Judge William J. Furber, Jr.; and (6) Patricia E. Coonahan, former Montgomery County Assistant District Attorney and current Judge.

Ellakkany's Complaint involves three charges that he alleges were to be nolle prossed. Ellakkany maintains that Marino and Judge Rossanese arbitrarily entered a guilty plea and an additional consecutive 7.5-15 years sentence based on those charges without a trial and without notification to Ellakkany. Ellakkany alleges that originally he was sentenced to 7.5 to 15 years on three other charges and that, at some subsequent

point, Judge Rossanese and Marino "cancelled and expunged" the sentences and convictions associated with those other charges. Ellakkany further alleges that, at this point, Judge Rossanese and Marino improperly substituted the nolle prossed charges to fill the void left by the other expunged charges. Ellakkany alleges that when he sought to remedy this, Coonahan and Judge Rossanese violated provisions of RICO by using the U.S. Postal Service to send to him, and to various courts, fraudulent documentation.

On March 6, 2008, a hearing was conducted in front of Judge Rossanese. Allegedly, despite an acknowledgement by Coonahan and Judge Rossanese that the three charges had indeed been nolle prossed and were eligible for expungement, Judge Rossanese issued an order "conceal[ing] the actual facts" of the case and denying expungement. This order was mailed to Ellakkany. According to Ellakkany, he appealed this denial to the Superior Court and, in May 2009, Coonahan used the U.S. Postal Service to send a brief to the Superior Court denying that the charges had ever been nolle prossed. The appeal was denied. Accordingly, Ellakkany filed the instant Complaint, alleging that he had been wrongfully imprisoned and subjected to peonage.[1]

The District Court denied Ellakkany's "Motion for Temporary Restraining Order and Preliminary Injunction Without Written Notice and Hearing – RICO and Peonage" ("Motion") because he could not meet the requirements for injunctive relief. Ellakkany

---

[1] Ellakkany alleged five counts in his complaint as follows: (1) RICO violations; (2) conspiracy to violate RICO; (3) involuntary servitude Thirteenth Amendment violations; (4) human trafficking violations; and (5) uncompensated labor violations. Ellakkany sought injunctive, declaratory, and monetary relief, including immediate release from prison.

appeals and has filed a Motion to Expedite his appeal. The Appellees have filed Motions

for Summary Affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). "In reviewing [a] district

court's order denying [a] motion for a preliminary injunction,[2] '[w]e review [its]

conclusions of law in plenary fashion, its findings of fact under a clearly erroneous

standard, and its decision to grant or deny the injunction for an abuse of discretion.'"[3]

N.J. Hosp. Ass'n v. Waldman, 73 F.3d 509, 512 (3d Cir. 1995) (quoting AT&T v.

Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)). Those

standards are employed in judging the following factors: "(1) the likelihood that the

plaintiff will prevail on the merits at the final hearing; (2) the extent to which the plaintiff

is being irreparably harmed by the conduct complained of; (3) the extent to which the

defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the

---

[2] The denial of a temporary restraining order is generally not an appealable order, Richardson v. Kennedy, 418 F.2d 235, 235 (3d Cir. 1969), unless the TRO "decides the merits of the case or is equivalent to a dismissal of the claim," Page v. Bartels, 248 F.3d 175, 185-86 (3d Cir. 2001), which is not the case here. Therefore, to the extent Ellakkany's Motion seeks a TRO, we do not consider that claim on appeal. We do find it to be a fair reading of the Complaint, Motion and Notice of Appeal that Ellakkany is appealing the denial of the preliminary injunction, and we have the jurisdiction to review the denial of such.

[3] Our review of the district court's decision is limited. We must affirm unless, in denying the motion, "'there has been an abuse of discretion, an error of law, or a clear mistake in the consideration of the proof.'" Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 101 (3d Cir. 1988) (quoting Moteles v. Univ. of Pa., 730 F.2d 913, 918 (3d Cir. 1984)). The scope of our review is narrow because "'the grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts, requiring a delicate balancing [that] is the responsibility of the district judge.'" Frank's GMC Truck Ctr., 847 F.2d at 101–02 (alteration in original) (quoting U.S. Steel Corp. v. Fraternal Ass'n of Steelhaulers, 431 F.2d 1046, 1048 (3d Cir. 1970)).

4

public interest." AT&T, 42 F.3d at 1427. An injunction is an "extraordinary remedy" that should be granted only in "limited circumstances." Id. at 1426-27 (internal quotations omitted).

Here, the District Court properly concluded that Ellakkany does not have a likelihood of success on the merits of his claims. The Eleventh Amendment bars suit against the Montgomery County Court of Common Pleas because it is a state entity. See Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981); Pa. Const. art. 5, § 1 (1992) (creating unified state judicial system); Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies."). The District Attorney's Office of Montgomery County is unlikely to survive as a defendant because the department would not be considered separate from the municipality itself (which is not named as a party to this lawsuit). See, e.g., Reitz v. County of Bucks, 125 F.3d 139, 144-45 (3d Cir. 1997). Next, as the District Court aptly concluded, prosecutors Marino and Coonahan are likely absolutely immune from suit. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Finally, the District Court properly determined that judicial immunity bars Ellakkany's claims against Judges Rossanese and Furber. A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear

5

absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (citation omitted). All of the allegations in Ellakkany's Complaint and Motion, and the injunctive relief sought therein, relate to actions taken by Judges Rossanese and Furber in their capacity as judges. Ellakkany has not set forth any facts that would show that the judges' actions were taken in clear absence of their jurisdiction. See also Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).[4]

Because we believe that the District Court did not abuse its discretion in holding that Ellakkany had failed to show a likelihood of success on the merits, our analysis ends and we need not consider Ellakkany's likelihood of prevailing on the remaining elements required for a preliminary injunction to issue. Accordingly, we grant the Appellees' Motions for Summary Affirmance and will affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Due to the disposition of this appeal, Ellakkany's Motion to Expedite is denied.

---

[4] The Appellees correctly contend that Ellakkany's request for immediate release from prison is cognizable only in an action for habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Brown v. Fauver, 819 F.2d 395, 397 (3d Cir. 1987) (same). To the extent that such is the basis of Ellakkanny's request for injunctive relief, we also reject it on that ground. As Ellakkany indicates, however, his Complaint contains other claims not dependent upon the duration of his imprisonment.