**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK JACOB JONES,

Defendant - Appellant.

No. 18-1460
(D.C. No. 1:15-CR-00279-RBJ-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Accordingly,

we order the case submitted without oral argument.

Mark Jacob Jones, Sr., appeals from an order of the United States District

Court for the District of Colorado summarily denying his motion to enjoin a

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

condition of supervised release imposed by the United States District Court for the District of Eastern Virginia. Because the district court did not have jurisdiction over Jones's motion, this court **remands** the matter to the district court to vacate its order and dismiss Jones's motion for lack of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) ("When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.").

Jones was charged in the Eastern District of Virginia with aggravated identity theft and conspiracy to commit mail fraud. A warrant was issued for his arrest. Separately, the District of Colorado issued a search warrant for Jones's residence in Colorado. Both warrants were executed on March 5, 2015. During the search, agents discovered two loaded firearms in Jones's bedroom. Because Jones had four previous felony convictions, he was charged in the District of Colorado with one count of felon in possession of firearms and one count of felon in possession of ammunition.

In late 2015, Jones pleaded guilty to mail fraud and aggravated identity theft in the Eastern District of Virginia. He was sentenced to a total of 126 months' imprisonment and three years' supervised release. In 2016, Jones pleaded guilty to the firearm possession charge in the District of Colorado. For

that offense, he was ultimately sentenced to six months' imprisonment. The District of Colorado imposed no term of supervised release.

On October 29, 2018, Jones filed a "Motion Requesting a Preliminary and Permanent Injunction Pursuant to Fed. R. Civ. P. 65." His motion argued: (1) Jones is a practicing Rastafarian elder; (2) Rastafarianism emphasizes the use of marijuana as a sacrament; and (3) the standard condition of supervised release prohibiting him from possessing and using marijuana will substantially burden his religious exercise. After the district court summarily denied the motion, Jones brought the instant appeal.

Jones's motion was predicated upon Fed. R. Civ. P. 65. It asked the district court to "enjoin" the supervised release condition imposed in the Eastern District of Virginia. Just one of many problems for Jones, however, is conditions of supervised release are criminal in nature and, therefore, governed by 18 U.S.C. § 3583. *See United States v. Grigsby*, 737 F. App'x 375, 377 (10th Cir. 2018) (unpublished disposition cited purely for its persuasive value). Jones cannot use the Federal Rules of Civil Procedure to attack an aspect of his criminal judgment. *See id.* at 378 n.5 (noting that the legality of a condition of supervised release may only be challenged on direct appeal or as collateral attack under § 2255); *see also Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and*

*Firearms*, 452 F.3d 433, 461 (6th Cir. 2006); *United States v. Crusco*, 464 F.2d 1060, 1062 (3d Cir. 1972).

Even if this court were to construe Jones's motion liberally as a request to modify the conditions of his supervised release pursuant to § 3583,[1] the District of Colorado still would lack subject matter jurisdiction. Supervised release conditions are set at sentencing as part of the original sentence. *United States v. Lonjose*, 663 F.3d 1292, 1300 (10th Cir. 2011). "[S]upervised release is as much a part of the sentence as a term of imprisonment or a fine. We see no reason . . . to treat the power to modify or revoke a term of supervised release any differently than we would the power to modify any other aspects of a criminal judgment." *United States v. Johnson*, 861 F.3d 474, 478 (3d Cir. 2017); *see also Purviance v. Maye*, 439 F. App'x 377, 378 (5th Cir. 2011) (unpublished); *United States v. Dent*, 133 F. App'x 784, 785 (2d Cir. 2005) (unpublished).

---

[1]Jones's motion could not be construed as arising under § 2255 because such a motion must be filed in the Eastern District of Virginia, the district that imposed the sentence. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Indeed, Jones has filed such a motion in the Eastern District of Virginia. That court denied Jones's § 2255 motion and the Fourth Circuit declined to issue a Certificate of Appealability. *United States v. Jones*, 678 F. App'x 133, 133 (4th Cir. 2017). Nor could Jones's motion be construed as arising under 28 U.S.C. § 2241. Section 2241 petitions must be filed in the district where the petitioner is confined. *Bradshaw*, 86 F. 3d at 166. Jones is confined in the Federal Medical Center in Fort Worth, which is located in the United States District Court for the Northern District of Texas.

In his reply brief, Jones asserts jurisdiction is proper in the District of Colorado because he will surely be transferred to the district to serve his term of supervised release. Contrary to Jones's contentions, however, that assertion is entirely speculative. Even if this court were to accept this rank speculation, it would not solve the jurisdictional problem. It is, of course, possible to transfer jurisdiction over a defendant's supervised release from one district court to another. *See* 18 U.S.C. § 3605. Such a transfer is only possible, however, when Jones is actually released from prison. Section 3605 provides: "A court, after imposing a sentence, may transfer jurisdiction over a probationer or person *on supervised release* to the district court for any other district . . . ." That is, § 3605 "is limited to defendants who are on supervised release." *United States v. Bass*, 233 F.3d 536, 537 (7th Cir. 2000). Until the Eastern District of Virginia actually transfers jurisdiction over Jones to Colorado, something the Eastern District of Virginia cannot do until Jones is actually released from custody, the District of Colorado lacks jurisdiction to modify the terms of Jones's supervised release.

For those reasons set out above, the order of the United States District Court for the District of Colorado denying Jones's motion on the merits is **REMANDED** to the district court to vacate its order denying Jones's motion and to, thereafter, dismiss the motion for lack of jurisdiction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge