United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 04-60864
Summary Calendar

———

FRANK WAYNE JOHNSON,

        Petitioner - Appellant,

v.

MICHAEL PETTIFORD,

        Respondent - Appellee.

———

Appeal from the United States District Court
for the Southern District of Mississippi

———

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:

Frank Wayne Johnson, a pro se litigant, appeals the district court's dismissal of his 28 U.S.C.

§ 2241 petition challenging the determination that he was ineligible for a particular sentencing credit.

After Johnson failed to respond timely to the respondent's motion to dismiss the petition as moot,

the district court dismissed the petition with prejudice. The district court relied on Local Rule

7.2(C)(2), which permits a court to grant a motion as unopposed if a party fails to respond timely to

the motion.[1]

---

[1]Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the
Northern and Southern Districts of Mississippi provides, "If a party fails to respond to any motion,
other than a motion for summary judgment, within the time allotted, the court may grant the motion

Before addressing whether Johnson's case was improperly dismissed for failure to file a timely response, we must first determine whether this case is moot.[2] Johnson has finished serving his term of imprisonment and has begun serving his term of supervised release. Although Johnson remains "in custody" while on supervised release,[3] "some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained."[4] The United States Supreme Court has held that if a prisoner wrongfully serves excess prison time, he is not automatically entitled to a reduction in his term of supervised release.[5] But, as the Court noted, a district court may exercise its discretion to modify an individual's term of supervised release, taking into account that an individual has been "incarcerated beyond the proper expiration of his prison term."[6] In this case, the possibility that the district court may alter Johnson's period of supervised release pursuant to 18 U.S.C. § 3583(e)(2), if it determines that he has served excess prison time, prevents Johnson's petition from being moot.[7]

---

as unopposed."

[2]See *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (noting that whether a case is moot must be examined *sua sponte*, if necessary, because if the controversy no longer exists, the case must be dismissed for lack of jurisdiction).

[3]See *Ojo v. INS*, 106 F.3d 680, 681 n.2 (5th Cir. 1997) (holding that petitioner who had completed his prison term and was in his three-year term of supervised release was "in custody" for habeas purposes).

[4]*Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

[5]*United States v. Johnson*, 529 U.S. 53, 58-60 (2000).

[6]*Id.* at 60 (citing 18 U.S.C. § 3583(e)(1), (2)).

[7]See *Mujahid v. Daniels*, 413 F.3d 991, 994-95 (9th Cir. 2005) (holding case was not moot given the possibility that the district court could, in its discretion, reduce the prisoner's term of supervised release), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Jan. 13, 2006) (No. 05-8678).

Relying on Local Rule 7.2(C)(2), the district court dismissed Johnson's petition as moot following the respondent's unopposed motion. We have recognized the power of district courts to "adopt local rules requiring parties who oppose motions to file statements of opposition."[8] But we have not "approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation."[9] For example, in *Ramsey v. Signal Delivery Service, Inc.*, the defendants filed a motion to dismiss for failure to exhaust administrative remedies.[10] When the plaintiffs failed to respond, the district court granted the motion as unopposed, citing a local court rule.[11] On appeal, this court vacated the judgment because a few months delay in responding to the motion to dismiss "did not constitute the type of extreme delay" that would warrant dismissal with prejudice.[12] Absent a "'clear record of delay or contumacious conduct,'" the district court should have considered whether less severe sanctions would suffice.[13]

Similarly, in this case the district court dismissed Johnson's petition solely because two months after the motion to dismiss was filed, Johnson had not filed a response. The district court did not explore whether less severe sanctions would suffice. Nor is there a clear record of delay or

---

[8]*John v. La.*, 757 F.2d 698, 708 (5th Cir. 1985).

[9]*Id.* at 709.

[10]631 F.2d 1210, 1213 (5th Cir. 1980).

[11]*Id.* at 1213-14.

[12]*Id.* at 1214.

[13]*Id.* (quoting *Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5th Cir. 1980)); *cf. John*, 757 F.2d at 709 (holding summary judgment could not be supported "solely on the ground that [the plaintiff] failed to respond to defendants' motion for summary judgment").

contumacious conduct. Under these circumstances, the district court erred in dismissing Johnson's petition with prejudice. For these reasons, the district court's judgment is VACATED and this case is REMANDED for further proceedings.