United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20529
Summary Calendar

HAMED SANGI; STACEY SANGI

Plaintiffs - Appellants

v.

FAIRBANKS CAPITAL CORP

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:04-CV-4441

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Hamed and Stacey Sangi appeal the district court's judgment, arguing that the district court erred by (1) granting defendant-appellee Fairbanks Capital Corporation's motion for summary judgment and (2) denying the Sangis' motion to set aside judgment and/or motion for new trial and request for relief from judgment. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs-appellants Hamed and Stacey Sangi purchased a home from defendant-appellant Fairbanks Capital Corp. ("FCC"). The Sangis allege that three years later they discovered toxic mold in the residence and that the resulting health problems forced them to vacate the property. The Sangis filed suit against FCC, claiming breach of contract, fraud, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") and alleging that FCC knowingly and intentionally failed to disclosed that the residence had unsafe levels of toxic mold and misrepresented that there were no defects.

The Sangis conducted no discovery other than initial disclosures and did not respond to FCC's discovery requests. The Sangis attempt to justify their failure to pursue discovery by stating that they believed liability was not contested and that discovery was on hold until after the parties mediated damages.

FCC filed a no-evidence motion for summary judgment arguing that all claims were barred by the "as-is" clause in the sales contract, except to the extent Texas law permitted the Sangis to recover if they could show that FCC had "actual knowledge" that the property contained toxic mold and took affirmative steps to conceal it.[1] FCC asserted that the Sangis had no evidence that

---

[1] Provisions within the contract gave the Sangis the right to inspect the property before closing and to terminate the contract within seven days for any reason. If the Sangis did not terminate the contract, they were deemed to have accepted the

FCC had actual knowledge of the evidence of toxic mold at the time of the sale.

The Sangis did not respond to FCC's motion, and pursuant to the Local Rules for Southern District of Texas, the motion was submitted to the judge twenty days from filing. S. DIST. LOCAL R. 7.3. Although the parties discussed the possibility of an extension to the response date, the Sangis never filed a motion for extension of time, a response to the motion, or a notice stating their opposition to summary judgment.

The district court granted FCC's summary judgment motion noting that the Sangis had no competent summary judgment evidence before the court and had not raised a genuine issue of material fact in support of any of the essential elements of their claims.

The Sangis then filed a motion to set aside and/or motion for new trial and motion for relief from judgment. The district court denied those motions stating the Sangis did not establish a good reason to grant a new trial and that Rule 60(b) did not apply to relieve the Sangis from the final judgment.

## II. SUMMARY JUDGMENT

We review a district court's grant of summary judgment de novo, using the same standards applied by the district court. Riverwood Int'l Corp. v. Employers Ins. of Wausau, 420 F.3d 378,

---

property in its current condition. In bolded font, underlined, and in all caps, an addendum to the contract stated that the property was purchased "AS-IS WHERE-IS AND WITH ALL FAULTS."

382 (5th Cir. 2005).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue of any material fact" and the moving party is "entitled to judgment as a matter of law."  Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States, 832 F.2d 1358, 1364 (5th Cir. 1987); FED. R. CIV. P. 56(c).

Once the moving party establishes that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The nonmoving party cannot rely only upon allegations, denials in a pleading, or unsubstantiated assertions that a fact issue exists, but must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  The district court may not grant a motion for summary judgment simply because it is unopposed.  Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995).

The Sangis argue that the district court abused its discretion by not applying the analysis in Johnson v. Pettiford, 442 F.3d 917 (5th Cir. 2006).  In Johnson, we held the district court abused its discretion by dismissing the pro se litigant's petition as moot because he did not oppose respondent's motion to dismiss.  442 F.3d at 918-19.  This case differs from Johnson because the district court did not grant summary judgment merely

4

because the motion was unopposed. Rather, although it acknowledged that the motion was unopposed, it granted summary judgment on the basis that the Sangis had not established a fact issue on an essential element of their case. Thus, the district court properly granted summary judgment.

### III. RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

We review a district court's grant or denial of a Rule 60(b) motion for relief from judgment for abuse of discretion. Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). "Under this standard, the court's decision need only be reasonable." See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993). The Sangis argue that relief should be granted under Rule 60(b)(1) for excusable neglect resulting from counsel miscommunication, misunderstanding regarding FCC's intentions regarding discovery and the motion for summary judgment, and misunderstanding of the local rules involving summary judgment procedure. But the district court did not abuse its discretion in denying their Rule 60(b) motion. See Edward H. Bohlin Co., 6 F.3d at 357 ("Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.").

The Sangis also contend that the district court should have granted the motion to reconsider based on newly discovered evidence. Rule 60(b)(2) permits relief for evidence "which by

5

due diligence could not have been discovered in time to move for a new trial under Rule 59(b)"). The district court did not abuse its discretion in denying Rule 60(b)(2) relief because the record indicates that the Sangis did not pursue discovery with due diligence.[2] See New Hampshire Ins. Co. v. Martech USA, Inc., 993 F.2d 1195, 1201 (5th Cir. 1993) (holding a movant must demonstrate that it exercised due diligence in obtaining the information to succeed on a motion brought under 60(b)(2)).

Moreover, the Sangis have failed to show that the district court abused its discretion in denying their Rule 60(b)(3) motion for relief from judgment. See Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005). The Sangis did not provide the district court with clear and convincing evidence that FCC engaged in fraud or other misconduct or that any misconduct prevented them from fully and fairly presenting their case. See Gov't Fin. Servs. v. Peyton Place, Inc., 62 F.3d 767, 772 (5th Cir. 1995). Rather the Sangis offered only allegations of fraud and misconduct. Nor have the Sangis shown exceptional circumstances to merit relief under Rule 60(b)(6). See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (holding that Rule 60(b)(6) only applies in

_____

[2] The Sangis also appeal the denial of their motion for new trial on the basis of newly discovered evidence, but their failure to pursue discovery with due diligence prevents them from prevailing on this claim as well. See Nat'l Labor Relations Bd. v. Jacob E. Decker and Sons, 569 F.2d 357, 363-64 (5th Cir. 1978).

6

"extraordinary circumstances suggesting that the party is faultless in the delay.").

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.