IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-60779
Summary Calendar

JEFFREY J FREY; APRIL MACFADDEN FREY

Plaintiffs-Appellants

v.

CHARLES BORDIS IV; JENNIFER SEKUL HARRIS; THOMAS A
PRITCHARD; BILLY PARLIN; GLENN BARLOW; NEIL HARRIS; RANDY
PIERCE; PAMELA THEREASA DAWSEY MACFADDEN

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-896

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Before us is an appeal of a district court's decision to dismiss Plaintiffs'

claims against certain defendants. For the following reasons, we AFFIRM.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute among the family members of Robin

Cooper and Joy MacFadden, who died in 1999 and 2000, respectively, and whose

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

estates were probated in a Chancery Court in Mississippi. Plaintiff-Appellant April MacFadden Frey is the daughter of the decedents, and Plaintiff-Appellant Jeffrey Frey is April's husband. Together, Plaintiffs assert claims against four attorneys (Defendants-Appellees Charles Bordis IV, Jennifer Sekul Harris, Thomas Pritchard, and Billy Parlin), three Chancellors (Defendants-Appellees Glenn Barlow, Neil Harris, and Randy Pierce), and Defendant-Appellee Pamela MacFadden, who is the wife of April's brother Luther. Luther was the original executor for the estates of the decedents. Plaintiffs assert that, through various legal processes, Defendants have defrauded April out of her rightful inheritance. Because the means allegedly used to deprive April of her inheritance are not relevant to this appeal, we will not repeat the specific factual allegations here.

As a result of their dissatisfaction with the probate proceedings, Plaintiffs filed this suit pro se in federal court, bringing claims pursuant to 42 U.S.C. § 1983, including violations of the First and Fourteenth Amendments to the United States Constitution and Sections Fourteen, Twenty-Four, Twenty-Five, and Thirty-Five of the Mississippi Constitution. In lieu of an answer, Chancellors Barlow, Harris, and Pierce filed a motion to dismiss on the grounds of sovereign immunity, absolute judicial immunity, and Younger abstention. In response, Plaintiffs amended their complaint to make clear that they were suing the Chancellors in their individual capacities only.

The Chancellors filed another motion on July 10, 2007, re-urging the district court to dismiss Plaintiffs' claims against them. Plaintiffs did not file a response, and the district court granted the motion on August 2, 2007. The district court's basis for the decision was Local Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi. Local Rule 7.2(C)(2) provides that "[i]f a party fails to respond to any motion, other than a motion for

summary judgment, within the time allotted, the court may grant the motion as unopposed."

On August 6, 2007, which was four days after the district court granted the Chancellor's motion, Plaintiffs filed a motion to quash and set aside the Chancellors' motion to dismiss. On August 10, Plaintiffs filed a motion for rehearing and to set aside the district court's order dismissing the Chancellors. Without waiting to see if the Chancellors intended to timely respond to the motions, the district court denied the motions, reasoning that Plaintiffs had not met the standard set forth in Rule 59(e) of the Federal Rules of Civil Procedure and, alternatively, that the Chancellors were entitled to sovereign and judicial immunity.

On September 7, 2007, the district court dismissed Plaintiffs' claims against the remaining defendants sua sponte and without prior notice.[1] The district court stated that it lacked subject matter jurisdiction over the remaining claims because the claims were not federal, noting that the remaining defendants were private citizens and not state actors subject to liability under § 1983. Plaintiffs filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of a motion to dismiss de novo. Chiras v. Miller, 432 F.3d 606, 610 (5th Cir. 2005).

## II. DISCUSSION

Turning first to the district court's dismissal of the Chancellors, we note that, had the district court rested solely on Local Rule 7.2(C)(2), we might have been compelled to reverse. Although the district court's dismissal was without prejudice, we have never approved of the automatic grant of dispositive motions based on a party's failure to respond. See Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam). Instead, we typically require a "clear record of

---

[1] The remaining defendants had not yet appeared in the case.

delay or contumacious conduct" before dismissal is appropriate. Id. at 919 (internal quotation marks omitted). There was no such delay in this case, as Plaintiffs' response was only a few days past due and Plaintiffs had not violated any other rule of the court. However, because the district court eventually identified alternative grounds for its dismissal, we need not rest our decision on this local rule.

The alternative grounds for the district court's decision were sovereign immunity and absolute judicial immunity. Because Plaintiffs specified in their first amended complaint that they sought relief against the Chancellors only in their individual capacities, we consider whether the Chancellors are entitled to judicial immunity.[2] It is well established that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." Sup. Ct. of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 734-35 (1980); Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."); Vinson v. Prather, 879 So. 2d 1053, 1057 (Miss. Ct. App. 2004). In this case, Plaintiffs' claims against the Chancellors regard rulings that the Chancellors made while acting in their capacities as judges on the Chancery Court. The Chancellors are, thus, entitled to absolute judicial immunity.

Plaintiffs' argument on appeal consists of urging this court to abolish the doctrines of sovereign immunity and absolute judicial immunity. Even were we inclined to do so, we lack the power to overturn years of settled precedent from this court and the Supreme Court. See United States v. Rodriguez-Jaimes, 481 F.3d 283, 288 (5th Cir. 2007) ("Absent an en banc or intervening Supreme Court

---

[2] To the extent Plaintiffs still seek relief against the Chancellors in their official capacities, we agree with the district court that such suits are barred by sovereign immunity. See McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 412 (5th Cir. 2004) ("[T]he principle of state-sovereign immunity generally precludes actions against state officers in their official capacities . . . .").

decision, one panel of this court may not overrule a prior panel's decision."). Consequently, the district court was correct to dismiss Plaintiffs' claims against the Chancellors.

Plaintiffs provide no argument regarding whether the district court properly dismissed the remaining defendants for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure; therefore, Plaintiffs have waived any argument on that ground. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). We would be remiss, however, if we did not note that the district court erred by concluding that it lacked subject matter jurisdiction over the remaining claims. Regardless of whether the remaining claims were based on state law rather than federal law, the district court retained supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Baker v. Farmers Elec. Coop., Inc., 34 F.3d 274, 283 (5th Cir. 1994); see also Hefner v. Alexander, 779 F.2d 277, 281 (5th Cir. 1985). Therefore, the dismissal of any state law claims should have been based on the district court's discretion pursuant to 28 U.S.C. § 1367(c)(3), and not Rule 12(h)(3).[3] This error, however, does not require reversal.

Therefore, for the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.

---

[3] It is also unclear that only state law claims remained, as Plaintiffs' first amended complaint grouped all of the claims and defendants together. Although the district court was likely correct that Plaintiffs would not be able to establish any federal claims against the remaining defendants, its conclusion was more along the lines of a decision under Rule 12(b)(6) that Plaintiffs' complaint failed to state a claim against the defendants. While a district court can make such a ruling sua sponte, it usually must give the opposing party notice and an opportunity to respond, neither of which was done in this case. See Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006). Again, though, Plaintiffs waived any argument on this ground by failing to brief it.