# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-10084
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

BRENT M. LAWSON,

Petitioner-Appellant,

v.

DAVID BERKEBILE, Warden,

Respondent-Appellee.

Appeals from the United States District Court
for the Northern District of Texas
No. 3:07-CV-1516

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brent Lawson, federal prisoner # 30508-044, petitioned under 28 U.S.C. § 2241 challenging the decision of the Bureau of Prisons ("BOP") to deny him early release for the reason that he had failed to spend ninety days in a Community Corrections Center undergoing treatment. The district court dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the petition. Lawson moves for leave to proceed in forma pauperis ("IFP") on appeal to question the denial of IFP status and the certification that his appeal would not be taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

Lawson was released from prison in October 2008, while his IFP motion was pending in this court. He asserts that the case is not moot, however, because he is still serving a term of supervised release. Although the government does not address the question, this court is obligated to examine whether it has jurisdiction. See Dailey v. Vought Aircraft Co., 141 F.3d 224, 227 (5th Cir. 1998).

The possibility that a district court may alter a period of supervised release—"if it determines that [the defendant] has served excess prison time"— may keep a § 2241 petition from becoming moot. Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (addressing a federal prisoner's challenge to the denial of a sentence credit). Unlike the situation in Pettiford, however, the circumstance here is that the district court that denied Lawson's § 2241 petition is without jurisdiction to determine, under 18 U.S.C. § 3583, whether he served excess prison time; that determination is to be made by the sentencing court. See § 3583(e)(2); 18 U.S.C. § 3605 (authorizing a court to exercise jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court). Lawson was sentenced by a different district court from the court a quo.

A pronouncement by this court concerning Lawson's § 2241 allegations would not result in "specific relief through a decree of a conclusive character" with regard to modification of the sentence. North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citation and internal quotation marks omitted). And "[b]ecause federal courts may only hear cases or controversies under Article III, it is unconstitutional for the Court to issue mere advisory opinions." Carpenter v. Witchita Falls Indep. Sch. Dist., 44 F.3d 362, 368 n.5 (5th Cir. 1995).

Lawson's motion would fail even if there were jurisdiction. A movant for

leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., that it presents a nonfrivolous issue. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). "Frivolous" is defined as "lack[ing] an arguable basis in law or fact." Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001). A district court, by providing written reasons certifying that the appeal is not taken in good faith, may deny a motion for leave to appeal IFP. Baugh, 117 F. 3d at 202; FED. R. APP. P. 24(a). The appellant may challenge the district court's certification decision by filing an IFP motion in this court. Baugh, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

Lawson had no liberty interest in early release. See Richardson v. Joslin, 501 F.3d 415, 419-20 (5th Cir. 2007) (stating that the grant of discretion to the BOP to shorten by a period of up to one year the prison term of a prisoner who has successfully completed a drug abuse program "indicates that no entitlement and, hence, no liberty interest, was created"). Nor does Lawson have an arguable equal protection claim. His allegation that he was treated differently from other prisoners because of BOP authorities' discriminatory intent is purely conclusional and does not suffice to raise a nonfrivolous appellate issue. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir.2001).

To the extent that Lawson persists in a contract claim, his appeal on that issue is also frivolous. The agreement that he signed provided that, if he were found eligible for early release under § 3621(e), such eligibility was provisional and subject to change.

Lawson has not shown that his appeal presents a nonfrivolous issue. Accordingly, his IFP motion is denied, and his appeal is dismissed as frivolous. See Carson, 689 F.2d at 586; 5TH CIR. R. 42.2.

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED.