# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

No. 08-30627
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY POWELL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CR-81-7

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rodney Powell, federal prisoner # 27457-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence for conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride based on Amendment 706 of the Sentencing Guidelines. He argues that the district court abused its discretion when it denied his motion solely on the basis that his original sentence was below both the original and amended guidelines ranges.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Powell has completed his term of imprisonment, he is currently serving his term of supervised release. Accordingly, this appeal is not moot. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). We reject the Government's assertion that Powell waived the right to bring the instant appeal under the terms of his plea agreement. *See United States v. Cooley*, 590 F.3d 293 (5th Cir. 2009).

A proceeding under § 3582(c)(2) is not a full resentencing. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009), *petition for cert. filed*, (Jan. 28, 2010) (No. 09-8939). Consequently, the bifurcated reasonableness review standard afforded sentencing decisions is inapplicable in the § 3582(c)(2) context. *Id.* at 672. Rather, we review the district court's determination of whether to reduce a sentence for an abuse of discretion. *Cooley*, 590 F.3d at 297. Where, as here, the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the factors in § 3553(a), we discern no abuse of discretion. *See id.*; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.