# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2021

Lyle W. Cayce
Clerk

No. 19-11156

Dawn Herndon,

*Petitioner—Appellant*,

*versus*

Jody R. Upton, Warden, FMC Carswell,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-120

Before Haynes, Higginson, and Oldham, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

Dawn Herndon appeals the dismissal of her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This is the latest installment in Herndon's challenge to an alleged dissonance between the oral pronouncement and written judgment from her 2013 conviction and sentence in the Southern District of Florida. The only issue before us, however, is whether the Northern District of Texas erred in dismissing as moot her § 2241 petition following her release from prison. Finding no error, we AFFIRM.

No. 19-11156

I.

Herndon pleaded guilty in 2012 to five counts of bank fraud with an agreed loss amount of over $3 million in the Southern District of Florida. Prior to sentencing, Herndon was diagnosed with cancer and underwent extensive medical treatment. On March 25, 2013, she was sentenced below the advisory guidelines range of 78–97 months to concurrent terms of 60 months of imprisonment, three years of supervised release, and $3,008,437 in restitution. Because Herndon needed additional medical treatment, the district court agreed to allow her to voluntarily surrender one year later; during that period, Herndon was released to home confinement with electronic monitoring. The district court granted several extensions of Herndon's surrender date until March 27, 2015. Ultimately, a warrant was issued for her arrest and Herndon was taken into custody on April 6, 2015.

While in prison, Herndon learned that the Bureau of Prisons (BOP) calculated her sentence from the date she had entered custody in April 2015, rather than the date she had been sentenced in March 2013. Consequently, the BOP calculated her anticipated release date, after accounting for good-time credit pursuant to 18 U.S.C. § 3624(b), to be August 13, 2019. In March 2017, Herndon filed an unsuccessful pro se motion in the Southern District of Florida asking the district court to amend the judgment to reflect its oral pronouncement, which she asserted had awarded her credit against her 60-month sentence for the time she would spend on home confinement.[1]

Herndon then filed a pro se 28 U.S.C. § 2255 motion in the Southern District of Florida, which the district court dismissed, in relevant part, because any sentencing credit issue must be raised in a § 2241 petition filed

---

[1] The Eleventh Circuit dismissed Herndon's subsequent appeal as untimely. *United States v. Herndon*, 733 F. App'x 1008, 1010 (11th Cir. 2018).

No. 19-11156

in the district of Herndon's incarceration. In denying Herndon's subsequent motion for reconsideration, the district court added:

> Having reviewed the transcript, I confirm that I reduced the period of imprisonment from the guideline range to a lesser amount based on the period of future house arrest. In other words, in fashioning a sentence of 60 months' imprisonment, I considered her surrender date and the fact that she would spend approximately one year on home confinement.[2]

In February 2018, Herndon, now represented by counsel, filed this § 2241 motion in the Northern District of Texas. She alleged that the BOP improperly denied her credit for her time spent on home confinement. Herndon asserted that her correct release date—calculated from her March 2013 sentencing date and accounting for good-time credit—lapsed in December 2017. Alternatively, she argued that she would exceed even her full 60-month sentence on March 24, 2018. She petitioned the district court to grant a writ of habeas corpus and, as her sole request for relief, to be released from custody.

While her § 2241 petition was pending, the BOP released Herndon on July 19, 2019. Her three-year term of supervised release commenced the same day.[3] In September 2019, the Northern District of Texas sua sponte dismissed Herndon's petition as moot because she was no longer incarcerated. Herndon timely appealed.

---

[2] The Eleventh Circuit also declined Herndon's subsequent requests for a certificate of appealability as to her § 2255 motion. Order, *United States v. Herndon*, No. 17-12597-B (11th Cir. Sept. 20, 2017), *reconsideration denied* (11th Cir. Nov. 3, 2017).

[3] According to the district court, "Herndon is now on supervised release reporting to the West Palm Beach, Florida Probation Office."

No. 19-11156

## II.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (quoting *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). We review the district court's determination of mootness de novo. *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020).

## III.

It is undisputed that Herndon satisfied the jurisdictional "in custody" requirement for purposes of pursuing relief under § 2241 at the time she filed her petition. *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). However, Herndon must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Our jurisdiction is thus constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *Vega*, 960 F.3d at 672 (citing *Spencer*, 523 U.S. at 7). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

We agree with the district court that Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement. *See Bailey*, 821 F.2d at 278 (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released

from his confinement").[4] Herndon's § 2241 petition did not seek any corresponding modification of her term of supervised release. Nor would such modification automatically follow. *See United States v. Johnson,* 529 U.S. 53, 57–58 (2000). Even if Herndon served a longer custodial sentence than she was supposed to, she is not entitled to "'automatic credit' as a means of compensation." *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998); *see also Johnson,* 529 U.S. at 58–59 ("Though interrelated, the terms are not interchangeable.").

Herndon asserts that her appeal is not moot because her term of supervised release can still be modified or terminated by the sentencing court. *See* 18 U.S.C. § 3583(e).[5] She argues that this case is controlled by our court's decision in *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006) (per curiam), and thus not moot.

---

[4] We have reached the same conclusion in recent unpublished cases. *See, e.g.*, *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (unpublished) (§ 2241 petition seeking immediate release because BOP failed to properly credit petitioner's sentence was mooted by his release (citing *Bailey*, 821 F.2d at 278–79)); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) (unpublished) ("If the only relief sought by an appellant cannot be granted, the case is moot.").

[5] Section 3583(e) provides, in relevant part:

The court may, after considering the factors set forth in [18 U.S.C. § 3553]—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; [or]

(2) . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release.

18 U.S.C. § 3583(e)(1)–(2).

In *Pettiford*, the petitioner filed a pro se § 2241 petition challenging the BOP's determination that he was ineligible for a sentencing credit following his completion of a substance abuse treatment program while in custody. *Id.* at 917. The petitioner was subsequently released from prison and began serving a term of supervised release, and the respondent moved to dismiss the petition as moot. *Id.* at 918. The district court dismissed the petition because the petitioner failed to timely respond in contravention of the local rules. *Id.* at 917-18. This court reversed. *Id.* at 919. In first considering whether the case was moot, we emphasized that under the Supreme Court's decision in *Johnson*, "a district court may exercise its discretion to modify an individual's term of supervised release, taking into account that an individual has been 'incarcerated beyond the proper expiration of his prison term.'" *Id.* at 918 (quoting *Johnson*, 529 U.S. at 60). Consequently, we held "the possibility that the district court may alter [the petitioner's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, prevents [his] petition from being moot." *Pettiford*, 442 F.3d at 918.

The government argues that *Pettiford* is distinguishable here because the Northern District of Texas does not have jurisdiction to modify Herndon's term of supervised release. We agree. Absent a transfer of jurisdiction over a prisoner's term of supervised release, *see* 18 U.S.C. § 3605, only the sentencing court has authority to modify the terms of a prisoner's supervised release. Thus, the Northern District of Texas—unlike the sentencing court—cannot offer Herndon any further relief.

We have reached this same conclusion in unpublished decisions following *Pettiford*. For example, in *Lawson v. Berkebile*, we held that a pro se § 2241 petition challenging the BOP's denial of early release was mooted by the petitioner's release from custody. 308 F. App'x 750, 752 (5th Cir. 2009) (per curiam) (unpublished). Distinguishing *Pettiford*, we held that even

though the petitioner was still serving a term of supervised release, "the district court that denied [petitioner's] § 2241 petition is without jurisdiction to determine, under 18 U.S.C. § 3583, whether he served excess prison time; that determination is to be made by the sentencing court." *Id.* at 752. Consequently, we held that any "pronouncement by this court . . . would not result in 'specific relief through a decree of a conclusive character' with regard to modification of the sentence." *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)); *see also Purviance v. Maye*, 439 F. App'x 377, 378 (5th Cir. 2011) (per curiam) (unpublished) (holding that a § 2241 petition was moot where the petitioner had been released from prison and the district court lacked jurisdiction to alter his term of supervised release because it was not the sentencing court).

More recently, in *United States v. Vega*, we echoed this interpretation of *Pettiford* in concluding that a defendant's direct appeal of his sentence was *not* mooted by his release from prison. 960 F.3d at 673–74. Even though the defendant in *Vega* only challenged his term of imprisonment and not his supervised release, we emphasized that "[i]f the district court determined that [the defendant] had been improperly sentenced, it would 'have the authority to modify [the] conditions of supervised release . . . or the authority to terminate obligations of supervised release.'" *Id.* at 673 (quoting *United States v. Larez-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006)). We cited *Pettiford* as an example of this same proposition: the appeal was not moot "because there remained a 'possibility that the district court may alter [his] period of supervised release . . . if it determines that he has served excess prison time.'" *Id.* (alteration in original) (quoting *Pettiford*, 442 F.3d at 918).

Both *Vega* and *Lawson* thus apply *Pettiford* in the same way we do here: an appeal of a district court's order is not mooted by a prisoner's release from custody so long as that court has authority to modify an ongoing term of supervised release.

No. 19-11156

To overcome mootness, Herndon attempts to elide the distinction between the sentencing and habeas courts. Essentially, she argues that under *Pettiford* a § 2241 petition is not moot so long as the petitioner's term of supervised release may be altered by *any* district court with the authority to do so. Herndon reads *Pettiford* too broadly. As we have repeatedly held since, *Pettiford* does not salvage from mootness a petition that neither this court nor the district court below has authority to grant.[6]

Moreover, Herndon's interpretation is belied by the remedy she seeks on appeal. Herndon asserts that either this court or the habeas court "can, after on-the-merits adjudication of Herndon's petition, transfer this case" to the sentencing court in the Southern District of Florida. Herndon does not elaborate on what our "on-the-merits adjudication" would produce other than a declaration that an *out-of-circuit* sentencing court could consider under *its* authority whether to modify Herndon's term of supervised release. That we cannot do. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("[F]ederal courts . . . do not render advisory opinions." (internal citation and quotation marks omitted)). That "a favorable decision in this case might serve as a useful precedent for [Herndon] in a hypothetical lawsuit . . . cannot save this case from mootness." *United States v. Juvenile Male*, 564 U.S. 932, 937 (2011).[7]

---

[6] Herndon also argues that *Pettiford* is factually analogous to her case because both involved a sentencing court and a habeas court in different districts. In *Pettiford*, the petitioner was sentenced in the Eastern District of California, but the § 2241 petition was filed in the district of confinement in the Southern District of Mississippi. However, neither this distinction nor which of these courts had authority to modify the petitioner's supervised release was discussed in *Pettiford*. In light of the liberal construction of *Pettiford*'s pro se petition, and the omission of any discussion of these facts as bearing on the opinion's outcome, we need not presume that the *Pettiford* court spoke in such absolutes. Our subsequent cases interpreting *Pettiford* have similarly declined to do so.

[7] We express no opinion as to the merits of Herndon's underlying claim.

No. 19-11156

## IV.

For the forgoing reasons, the district court's order dismissing Herndon's § 2241 petition as moot is AFFIRMED.

No. 19-11156

ANDREW S. OLDHAM, *Circuit Judge*, concurring.

I agree with the majority that this case is moot. I further agree that *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006) (per curiam), is distinguishable.

I write to emphasize that, in an appropriate case, our en banc court should overrule *Johnson v. Pettiford*. There we held "the *possibility* that the district court may alter [the § 2241 petitioner's] period of supervised release pursuant to 18 U.S.C. § 3583(e)(2), if it determines that he has served excess prison time, prevents [the] petition from being moot." 442 F.3d at 918 (emphasis added). The panel did not explain how such a mere possibility could save a case from mootness.

Nor could it. As the Supreme Court recently emphasized, mootness is a function of a party's requested relief—not the theoretical possibility that a party *could* request or receive something. *See N.Y. State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (holding petitioners' claims for declaratory and injunctive relief became moot after legislative amendments achieved "the precise relief that petitioners requested in the prayer for relief in their complaint"); *id.* at 1533–35 (Alito, J., dissenting) ("[T]his case is not moot because the amended City ordinance and new State law do not give petitioners all the . . . relief they seek." (emphasis omitted)).

The Supreme Court's approach to mootness makes sense because "[o]ur lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964); *accord DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). And when it comes to determining the existence of a case or controversy, we look *only* to the claims the plaintiff made; it's irrelevant that

10

the plaintiff could've requested something else. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 494–95 (2009). It's impossible to reconcile the Supreme Court's approach with *Johnson v. Pettiford*'s decision to rescue a habeas petition based on the mere possibility of a supervised-release modification the petitioner did not request.

Moreover, *Johnson v. Pettiford* sits at the center of a circuit split. *Compare Rhodes v. Judiscak*, 676 F.3d 931, 933–35 (10th Cir. 2012) (expressly disagreeing with our decision and holding that a released prisoner's § 2241 petition was moot because "it is entirely speculative whether a declaration from this court stating that [the prisoner's] sentence was excessive will aid him in the future"), *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) ("The possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release under 18 U.S.C. 3583(e) . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power." (citation and footnote omitted)), *and United States v. Bundy*, 391 F. App'x 886, 887 (D.C. Cir. 2010) (per curiam) (same) (quoting *Burkey*), *with Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010) (asserting without analysis that a § 2241 allegation of "over-incarceration" was not moot because a district court "could consider [the excess prison time] under 18 U.S.C. § 3583(e) as a factor weighing in favor of reducing the term of supervised release"), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231 (2012).

At some point, we should overrule *Johnson v. Pettiford* and follow the Supreme Court's approach to mootness.