# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10716

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Melvin Umana-Garcia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-318-1

———————————————————————

Before Haynes, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Melvin Umana-Garcia pleaded guilty to illegal reentry after removal from the United States. He appeals his sentence, arguing that he should not have received a 10-level enhancement based on his two previous felony convictions.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

controversy." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (citation omitted). "We review the question of mootness de novo, raising the issue sua sponte if necessary." *Velasquez-Castillo v. Garland*, 91 F.4th 358, 362 (5th Cir. 2024) (citation omitted).

While his appeal was pending, Umana-Garcia was released from prison. And because the district court did not impose any term of supervised release, there is no relief this court could grant should Umana-Garcia prevail. *See United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (citation omitted)); *Herndon v. Upton*, 985 F.3d 443, 448 (5th Cir. 2021) ("[A]n appeal of a district court's order is not mooted by a prisoner's release from custody so long as that court has authority to modify an ongoing term of supervised release.").

Accordingly, the appeal is DISMISSED AS MOOT.