# United States Court of Appeals for the Fifth Circuit

No. 24-20451

CONSOLIDATED WITH

No. 25-20094

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES BALDEMORO,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 4:14-CR-86-1, 4:14-CR-86-1

Before ELROD, *Chief Judge*, and SMITH and WILSON, *Circuit Judges*.

CORY T. WILSON, *Circuit Judge*:

Following a guilty-plea conviction for possession of child pornography, James Baldemoro was sentenced to ten years' imprisonment followed by ten years' supervised release. After Baldemoro had served the custodial portion of his sentence, the district court twice revoked his supervised release. Each time, Baldemoro contended he could not be reimprisoned because he had already served the statutory maximum for his offense of conviction. The district court rejected that argument, sentencing

24-20451
c/w No. 25-20094

him to six months' reimprisonment for each revocation. We affirm both revocation sentences.

## I.

In 2014, Baldemoro pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(b)(2). The district court sentenced him to the statutory maximum of ten years' imprisonment followed by ten years' supervised release. *See* 18 U.S.C. §§ 2252A(b)(2), 3559(a)(3), 3583. Baldemoro began serving his term of supervised release on October 28, 2022.

On April 16, 2024, the Probation Office filed a Petition for Warrant or Summons, alleging Baldemoro violated four conditions of his supervised release. At the ensuing revocation hearing, Baldemoro conceded the violations but argued—pro se rather than through counsel—that because he had already served the statutory maximum term of imprisonment for the underlying offense, any additional term of imprisonment would exceed the statutory maximum and violate his Fifth and Sixth Amendment rights. The district court overruled his objection, revoked his supervised release pursuant to 18 U.S.C. § 3583(e)(3), and sentenced him to six months' reimprisonment (with credit for time served) followed by eight years' supervised release. Baldemoro timely filed a notice of appeal, generating appeal No. 24-20451.

After completing the custodial portion of that sentence, Baldemoro began serving his second term of supervised release on December 16, 2024. In March 2025, the district court revoked his supervised release a second time, finding he violated the terms of his supervision by failing to comply with sex offender treatment. At the second revocation hearing, defense counsel renewed the same arguments Baldemoro had raised at the first revocation hearing. The district court again rejected them and sentenced Baldemoro to six months' imprisonment and a term of supervised release expiring on

2

24-20451
c/w No. 25-20094

December 15, 2032. In the alternative, the court "h[eld] him in contempt for violating the terms of his supervised release and sentence[ed] him to six months . . . and the continuation of his [first] supervised release term."

Baldemoro filed another notice of appeal, generating appeal No. 25-20094. This court granted his unopposed motion to stay that appeal pending a decision in his first revocation challenge. On December 16, 2025, we directed the parties to file supplemental letter briefs addressing (1) whether Baldemoro's challenge to the first revocation judgment is moot in light of the second; and (2) whether consolidation of the two appeals would be appropriate under Federal Rule of Appellate Procedure 3(b)(2). After the parties submitted their briefs, we consolidated the actions, removed the second appeal from abeyance, and heard argument in April 2026. We now consider both appeals.

## II.

When a defendant contends his sentence exceeds the statutory maximum, that issue is reviewed *de novo*. *United States v. Flores*, 130 F.4th 465, 468 (5th Cir. 2025). We likewise review preserved challenges to the constitutionality of a criminal statute *de novo*. *United States v. Branson*, 139 F.4th 475, 477 (5th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 561 (2026).

## III.

We begin by considering whether Baldemoro's challenge to his first revocation sentence is moot. We then address his statutory and constitutional arguments.

## A.

The Government asserts Baldemoro's first revocation challenge is moot because the second revocation superseded it, such that the first appeal cannot now provide him any relief. Baldemoro counters that his first appeal is not moot because a favorable ruling would allow him to seek modification of the supervised-release term imposed in the second revocation judgment.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *United States v. Sosebee*, 59 F.4th 151, 154 (5th Cir. 2023) (quoting *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). In other words, "a case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party[.]'" *Id.* (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). In a challenge to a criminal sentence, once the defendant's imprisonment term expires, he must show "some 'collateral consequence' of the conviction . . . [for] the suit . . . to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

As Baldemoro notes, a defendant may move to modify the conditions of his supervised release under § 3583(e)(2) and, after completing one year of supervised release, may move to terminate his supervised-release obligations under § 3583(e)(1). *United States v. Johnson*, 529 U.S. 53, 60 (2000). In considering such a motion, the district court "may exercise its discretion to modify an individual's term of supervised release, taking into

account that [he] has been incarcerated beyond the proper expiration of his prison term." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (internal quotation marks and citation omitted).

In *Pettiford*, we held that even after a defendant completes the custodial portion of his sentence, "the possibility that the district court may alter [his] period of supervised release . . . if it determines that he has served excess prison time, prevents [his appeal] from being moot." *Id.* We reiterated that rule in *Herndon v. Upton*, holding that "an appeal of a district court's order is not mooted by a prisoner's release from custody so long as that court has authority to modify *an ongoing term* of supervised release." 985 F.3d 443, 448 (5th Cir. 2021) (emphasis added). In each case, the defendant challenged only one revocation sentence, and the active supervised-release term flowed directly from the sentence challenged on appeal. *See id.* at 445; *Pettiford*, 442 F.3d at 917–18.

This case presents a slightly different question:   Whether a defendant's successful challenge to one revocation judgment provides grounds for modifying a supervised-release term imposed in a separate, subsequent revocation judgment. Even so, the same principles apply with equal force. As was the case in *Herndon*, Baldemoro will serve nearly seven years of supervised release after his imprisonment sentence, and his appeal challenges the sentencing court's judgment—the court with "authority to modify the terms of [his] supervised release." 985 F.3d at 447. Accordingly, were he to prevail in the first appeal, he could seek modification, and ultimately termination, of his supervised-release term on the ground that he served six months of excess prison time.[1] *See Pettiford*, 442 F.3d at 918. That

_____

[1] Given that both appeals involve the same issues, Baldemoro's prevailing in the first means he would also prevail in the second—providing him with six *more* months of

24-20451
c/w No. 25-20094

possibility provides the requisite collateral consequence to defeat mootness. *See Spencer*, 523 U.S. at 7.

## B.

On the merits, Baldemoro asserts that his reimprisonment under § 3583(e)(3) exceeds the statutory maximum penalty for his original offense. In the alternative, he contends § 3583(e)(3) as applied to him violates the Fifth and Sixth Amendments.

## 1.

Baldemoro first contends postrevocation sentences are cabined by the statutory maximum authorized by a defendant's statute of conviction. He relies on *Johnson v. United States*, 529 U.S. 694, 700 (2000), where the Supreme Court held postrevocation penalties are "part of the penalty for the initial offense," not punishment for violating supervised-release conditions. On that understanding, Baldemoro contends that because he already had served the ten-year maximum sentence allowed under § 2252A(b)(2), he could not lawfully face further imprisonment upon revocation of supervised release.

We begin with the statutory text. Section 2252A(b)(2) authorizes a term of imprisonment for "not more than 10 years." Section 3583(e)(3) separately provides:

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court

---

unlawful imprisonment (totaling one year) that he could use to seek modification of his supervised-release term.

6

24-20451
c/w No. 25-20094

> . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony[.]

Notably, the only textual limitation on revocation imprisonment is the class of felony committed in the underlying offense—*not* the statutory maximum for the offense of conviction.

Baldemoro attempts to insert that missing limitation by pointing to *Johnson*. His position is misguided. To be sure, *Johnson* held that postrevocation penalties are attributable to the original offense. 529 U.S. at 700. But the case also noted, without mentioning the statutory maximum for the offense of conviction, that "the gravity of the initial offense determines the maximum term of reimprisonment, . . . just as it controls the maximum term of supervised release in the initial sentencing[.]" *Id.* at 708. In doing so, the Court aptly recognized what the statutory text makes clear: Congress enacted § 3583(e)(3), separate and apart from the underlying statute of conviction, to address violations of supervised-release conditions. That distinct mechanism does not limit revocation imprisonment based on the maximum imprisonment term authorized in the underlying statute of conviction.

Our court has long recognized this principle. *See, e.g.*, *United States v. Hampton*, 633 F.3d 334, 341 (5th Cir. 2011) ("[I]t has always been the case that the defendant could be punished for the underlying offense with revocation imprisonment if she violates the conditions of supervised release even if the total amount of time that the defendant thereby spends in prison exceeds the statutory maximum for the underlying offense."); *United States v. Hinson*, 429 F.3d 114, 116 n.7 (5th Cir. 2005) (citing cases "explaining that imprisonment for violation of supervised release coupled with initial

7

imprisonment for the conviction may exceed the statutory maximum prescribed for that offense"). Moreover, every circuit to consider the argument Baldemoro advances has rejected it. *See, e.g.*, *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002); *United States v. Cook*, 775 F. App'x 44, 48 (3d Cir. 2019); *United States v. McMillan*, 2022 WL 3031342, at *2 (4th Cir. 2022); *United States v. Wright*, 2 F.3d 175, 179–80 (6th Cir. 1993); *United States v. Colt*, 126 F.3d 981, 982–83 (7th Cir. 1997); *United States v. Childs*, 17 F.4th 790, 791–92 (8th Cir. 2021); *United States v. Henderson*, 998 F.3d 1071, 1072 (9th Cir. 2021); *United States v. Salazar*, 987 F.3d 1248, 1253–58 (10th Cir. 2021); *United States v. Moore*, 22 F.4th 1258, 1269 n.10 (11th Cir. 2022).

At bottom, Baldemoro's statutory argument fails. *Johnson*'s relating postrevocation penalties to the original offense does not create an atextual limitation on revocation imprisonment. Rather, § 3583(e)(3) delimits revocation imprisonment only by the class of felony committed, not the statutory maximum for the underlying offense of conviction.[2]

**2.**

Turning to Baldemoro's constitutional arguments, he asserts § 3583(e)(3) violates the Fifth and Sixth Amendments as applied to him. He provides alternative theories in support: Imprisonment imposed under § 3583(e)(3) beyond the maximum term authorized for the offense of conviction is tantamount to punishment for new conduct; and, the excess imprisonment serves as a sentence enhancement. Under either theory, he

---

[2] The Government raises Baldemoro's appeal waiver but maintains it will seek to enforce it only if we agree with his statutory position. Because we reject his argument, we need not consider the appeal waiver's applicability.

asserts the right to grand-jury presentment, indictment, trial by jury, confrontation, and proof beyond a reasonable doubt.

Both contentions fail. It is well established under our precedent that revocation proceedings are not part of a criminal prosecution, "and thus the full panoply of rights due a defendant in such a proceeding"—*i.e.*, those Fifth and Sixth Amendment rights Baldemoro attempts to invoke—"do[] not apply." *Hinson*, 429 F.3d at 118 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

Despite that clear rule, Baldemoro contends we are not bound by *Hinson* because our court was not confronted there with the same constitutional argument he raises in this case, *i.e.*, that his revocation sentences extended his imprisonment term beyond the statutory maximum for his offense of conviction based only on "judge-found facts," in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).

In *Apprendi*, the Supreme Court held that, under the Fifth and Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Years later, the Supreme Court in *Alleyne* extended *Apprendi* to facts that increase the mandatory minimum sentence. 570 U.S. at 108. Though neither case involved revocation proceedings, Baldemoro maintains they apply under *United States v. Haymond*, 588 U.S. 634 (2019).

In *Haymond*, a fractured Supreme Court considered whether 18 U.S.C. § 3583(k)[3] violated the Fifth and Sixth Amendments, producing three

---

[3] For reference, § 3583(k) provides:

distinct positions. 588 U.S. at 637. A four-justice plurality concluded it did, explaining that "judicial factfinding triggered a new punishment in the form of a prison term of at least five years and up to life." *Id.* at 646. JUSTICE BREYER concurred in the judgment, advancing a different framework than the plurality. *Id.* at 657–59. And a four-justice dissent concluded the right to trial by jury and the requirement of proof beyond a reasonable doubt do not apply in revocation proceedings. *Id.* at 667–68 (ALITO, J., dissenting). Because JUSTICE BREYER's opinion provided the narrowest grounds, his concurrence represents the holding of the Court. *United States v. Garner*, 969 F.3d 550, 552 (5th Cir. 2020), *as revised* (Aug. 14, 2020) (citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).

Baldemoro relies primarily on the plurality in *Haymond*, contending those Justices noted § 3583(e)(3) could violate *Apprendi* and *Alleyne* in a "rare" case like his. True, the *Haymond* plurality raised those concerns, but it ultimately "d[id] not pass judgment one way or the other" on the issue. 588 U.S. at 655, 652 n.7. And more importantly, JUSTICE BREYER's controlling concurrence stated he "would not transplant the *Apprendi* line of cases to the supervised-release context." *Id.* at 658. Rather, JUSTICE BREYER noted "three aspects of th[e] provision, considered in combination," that led him to conclude § 3583(k) was unconstitutional:

---

Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under [a series of enumerated code sections], is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."

*Id.* at 659 (alteration in original). Baldemoro does not attempt to argue that those aspects are present in § 3583(e)(3). In any event, they are not. Section 3583(e) applies to supervised release imposed as part of *any* felony or misdemeanor; the court *may* revoke a supervised-release term and impose imprisonment if it finds a violation; and § 3583(e) includes no mandatory minimums. § 3583(a), (e). Baldemoro's reliance on *Haymond* is therefore misplaced.

Moreover, "[e]very sister Circuit that has considered the issue thus far has reached the same conclusion": *Haymond* "did not undermine, let alone overrule, . . . precedent on the validity of § 3583(e)." *United States v. Peguero*, 34 F.4th 143, 159 (2d Cir. 2022) (collecting cases).[4]

For these reasons, Baldemoro's constitutional contentions fail. Controlling precedent instructs that the Fifth and Sixth Amendment

---

[4] *See Moore*, 22 F.4th at 1269 (concluding, post-*Haymond*, that § 3583(e)(3) did not violate Fifth Amendment due process and Sixth Amendment rights); *Childs*, 17 F.4th at 792 (same); *Henderson*, 998 F.3d at 1072 (same); *Salazar*, 987 F.3d at 1261 (same); *United States v. Seighman*, 966 F.3d 237, 244–45 (3d Cir. 2020) (same); *United States v. Doka*, 955 F.3d 290, 292 (2d Cir. 2020) (same); *United States v. Ka*, 982 F.3d 219, 223 (4th Cir. 2020) (concluding that § 3583(e)(3) does not violate the Fifth Amendment); *United States v. Carpenter*, 104 F.4th 655, 656 (7th Cir. 2024) (concluding that § 3583(e)(3) does not violate the Sixth Amendment), *cert. denied*, 145 S. Ct. 1188 (2025).

24-20451
c/w No. 25-20094

protections Baldemoro seeks do not attach in revocation proceedings, and *Haymond* does not disturb that understanding.

\*      \*      \*

Based on the foregoing, the judgment of the district court is

AFFIRMED.