# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2024

Lyle W. Cayce
Clerk

————————

No. 21-60681

————————

KELMI YAREL VELASQUEZ-CASTILLO,

*Petitioner,*

*versus*

MERRICK GARLAND, *U.S. Attorney General,*

*Respondent.*

———————————————————————

Appeal from the Board of Immigration Appeals
Agency No. A213 287 757

———————————————————————

Before WIENER, GRAVES, and DOUGLAS, *Circuit Judges.*
JAMES E. GRAVES, JR., *Circuit Judge*:

Kelmi Velasquez-Castillo, a native and citizen of Honduras, filed a petition for review of a Board of Immigration Appeals ("BIA") order denying a motion to reopen his removal proceedings. The Petitioner and Respondent agree that this Court should vacate and remand. We conclude that this case is not moot, that the BIA erred in denying the motion to reopen without resolving the issue of the statutory provisions relating to an unaccompanied minor, and that the BIA failed to consider whether there was new and previously unavailable evidence in support of asylum eligibility. Accordingly, we VACATE the BIA's decision and REMAND.

No. 21-60681

## Background

Kelmi Yarel Velasquez-Castillo, born in October 2002, left Honduras with his mother and arrived at the Texas border around July 16, 2019. The mother and son were subsequently placed into removal proceedings under the Migrant Protection Protocols ("MPP"). On January 28, 2020, after Velasquez-Castillo and his mother admitted removability, an Immigration Judge ("IJ") (1) ordered them removed, (2) denied their application for asylum, and (3) denied their application to withhold removal under the Convention Against Torture ("CAT"). Neither Velasquez-Castillo nor his mother sought further review of the IJ's decision, which became final on February 27, 2020.

On March 7, 2020, Velasquez-Castillo, then-seventeen years old, returned to the United States-Mexico border alone. As a result, immigration officials categorized him as an unaccompanied minor ("UC")[1] and transferred him to the Office of Refugee Resettlement.

On April 24, 2020, Velasquez-Castillo, with the assistance of pro bono counsel, submitted an asylum application to the United States Citizenship and Immigration Services ("USCIS"). He additionally filed a motion to reopen, arguing that his impending removal would violate the Trafficking Victims Protection Reauthorization Act ("TVPRA") and that newly available evidence regarding his sexual orientation was relevant to his eligibility for asylum, withholding, and CAT relief.[2] However, three days later, on April

---

[1] The Immigration and Nationality Act defines a "UC" as a child who is not a citizen, is under eighteen years old, does not have legal status, and does not have a parent or guardian to take care of them in the United States. *See* 6 U.S.C. § 279(g).

[2] Velasquez-Castillo's written declaration supporting his motion to reopen outlined his experiences with bullying and harassment in school, his awareness of his sexual orientation at the age of eleven, his attempts to suppress his instincts, his fear of disclosing

2

No. 21-60681

27, 2020, the Department of Homeland Security ("DHS") executed the IJ's Order from January 28, 2020, and removed Velasquez-Castillo to Honduras.

On August 25, 2020, the IJ denied Velasquez-Castillo's motion to reopen. The IJ determined that Velasquez-Castillo "failed to demonstrate that the new evidence, his sexual orientation, was not available and could not have been discovered or presented at the former hearing." Accordingly, the IJ held that he did not meet the heavy burden required to reopen his removal proceedings.

On September 3, 2020, Velasquez-Castillo filed a timely notice of appeal with the BIA arguing that (1) DHS's failure to place him in TVPRA removal proceedings was a due process violation that foreclosed his right to seek asylum, and (2) his disclosure of his sexual orientation upon the second entry was new material evidence that warranted reopening. On July 29, 2021, the BIA adopted and upheld the decision made by the IJ. Consequently, Velasquez-Castillo submitted a petition for review of the BIA's order in this Court.

While the petition was under review in this Court, Velasquez-Castillo submitted a motion to reconsider to the BIA, arguing that the BIA failed to address his argument regarding the requirement to reopen his MPP removal proceedings under TVPRA. On June 15, 2022, the BIA denied the motion for the following reasons: (1) neither the BIA nor an IJ had "the authority to order DHS to place an individual in removal or reinstatement proceedings"; (2) these proceedings took place following Velasquez-Castillo's March 2020 reentry, when he had an outstanding final order of removal; (3) Velasquez-Castillo's arguments "relate[d] to the initiation of new removal hearings or

_____

this personal information to his mother, and his ongoing struggles with self-acceptance as a gay person during the January 2020 merits hearing.

3

expedited removal proceedings," and thus implicated prosecutorial discretion. DHS had failed to submit charging documents concerning the March 2020 entry; (4) Velasquez-Castillo was no longer considered an UC as defined in the TVPRA, as he was over the age of eighteen at the time of the July 2021 decision. For these reasons, the BIA determined that the remedy Velasquez-Castillo sought was no longer viable.

Velasquez-Castillo subsequently filed another timely petition for review in this Court, which we consolidated with the existing petition. After Velasquez submitted his opening brief, the parties filed a joint motion to remand on January 31, 2022. On March 29, 2022, this Court denied the parties' joint motion to remand and ordered that briefing resume.

## Standard of Review

When evaluating a denial of a motion to reopen or motion for reconsideration, this Court reviews the BIA's order and evaluates the IJ's underlying decision if it influenced the BIA's opinion. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018); *Chen v. Holder, Jr.*, 598 Fed. App'x. 275, 276 (5th Cir.2015). The BIA's denial of a motion for reconsideration or a motion to reopen will be upheld unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017)(citation omitted). This Court reviews the BIA's factual findings for substantial evidence and the legal conclusions underlying the decision de novo. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019).

## Analysis

On appeal, Velasquez-Castillo contends that his status as an UC required the DHS and IJ to place him in TVPRA proceedings. The government does not rebut this argument. Instead, it agrees that remand is

appropriate because the BIA has not yet substantively considered and resolved Velasquez-Castillo's TVPRA arguments. Velasquez-Castillo argues that the BIA erred in denying his motion to reopen and motion for reconsideration. After considering mootness, we address each of these arguments in turn.

## A. Mootness

This court's jurisdiction requires a live case or controversy at all stages of litigation. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Inherent in the case-or-controversy requirement is the doctrine of mootness; federal courts lack jurisdiction "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). "We review the question of mootness de novo, raising the issue *sua sponte* if necessary." *Id.* (citation omitted).

Here, Velasquez-Castillo asserts an actual injury that can be sufficiently redressed by the relief he seeks from this Court. Velasquez-Castillo met the requirements of the TVPRA when he filed his subsequent asylum claim, which is still pending. Application of the TVPRA to this case would invalidate the existing removal order and provide an alternative pathway for Velasquez-Castillo to pursue his asylum claim. *See* 8 U.S.C. § 1232(a)(5)(D). Accordingly, the case is not moot.

## B. TVPRA

Next, the parties agree that the case should be remanded for further consideration because the BIA's decision does not directly address Velasquez-Castillo's argument for reopening under the TVPRA. The BIA determined that it did not have jurisdiction to consider Velasquez-Castillo's TVPRA arguments because (1) DHS did not initiate new removal proceedings, (2) the IJ and the BIA lacked jurisdiction to place an individual

in removal proceedings, and (3) he was no longer eligible to be considered an UC. We disagree and remand.

It is well-settled that the BIA determines whether reopening was justified in light of relevant statutory and regulatory provisions governing motions to reopen, such as the TVPRA. *See, e.g., Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). And this Court must apply the principles of *Chevron* deference when reviewing BIA orders that interpret immigration laws. *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 56-57 (2014) (citing *Chevron U.S.A. Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984)). In the case at bar, the BIA neglected to consider the merits of Velasquez-Castillo's argument for reopening.

The TVPRA provides that "[a]ny unaccompanied [noncitizen] child sought to be removed by the Department of Homeland Security . . . shall be placed in removal proceedings under section 240 of the Immigration and Nationality Act (8 U.S.C. 1229a)."[3] 8 U.S.C. § 1232(a)(5)(D). Indeed, this Court has referred to TVPRA proceedings as "mandatory." *Sanchez v. R.G.L.*, 761 F.3d 495, 500 (5th Cir. 2014) ("Because the children were declared by DHS to be 'unaccompanied alien children', they entered mandatory removal proceedings.").

While this Court generally defers to an agency's decision, this presumption does not apply when the agency's decision is not based on its interpretation of a statute. *Singh*, 436 F.3d at 487. Accordingly, because the

---

[3] "[T]he word 'shall' usually connotes a requirement." *Maine Cmty. Health Options v. United States*, 140 S.Ct. 1308, 1320 (2020). That connotation is particularly apt here, as it follows the phrase "*any*, unaccompanied [noncitizen] children," which would suggest that the condition applies without exception. 8 U.S.C § 1232(a)(5)(D). "Any" is defined as "one or some indiscriminately of whatever kind." *Any*, Merriam–Webster, http://www.merriam-webster.com/dictionary/any (last visited January 9, 2024).

BIA's opinion does not address the possible application of the TVPRA, we send the case back to the BIA for an initial determination. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 343 (5th Cir. 2016) ("We thus conclude that the BIA abused its discretion by ignoring Lugo-Resendez's equitable tolling argument."). On remand, the BIA should consider whether the TVPRA can be a remedy for Velasquez-Castillo.

## C. Denial of Motions

Lastly, Velasquez-Castillo seeks review of the BIA's decision to deny his motion to reopen his removal proceedings and motion to reconsider in light of newly available evidence regarding his sexual orientation. While this Court reviews both motions under a "highly deferential abuse-of-discretion standard," *Zhao*, 404 F.3d at 303, it reviews constitutional challenges de novo. *Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003); *see also Chen v. Holder, Jr.*, 598 F. App'x. 275, 276 (5th Cir.2015) (stating that the court applies the same standard for both motions).

A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). The BIA cannot grant motions to reopen unless "the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *See also* 8 C.F.R. § 1003.2(c)(1). Similarly, a motion for reconsideration of a prior BIA decision may be made to obtain a re-evaluation of record evidence in light of "a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao*, 404 F.3d at 301; 8 C.F.R. § 1003.2(b)(1).

It is unclear whether the BIA sufficiently considered the evidence regarding Velasquez-Castillo's sexual orientation and his experiences with threats of violence in Honduras. Specifically, while his motion to reopen was

No. 21-60681

pending, Velasquez-Castillo filed a motion requesting an "urgent ruling" and attached additional evidence about sexual-orientation-based threats and country violence. The IJ and the Board failed to address whether this new evidence was previously unavailable and material to eligibility for relief.

Upon remand, the BIA will address whether the TVPRA applies in this case. In doing so, it should consider whether the evidence submitted by Velasquez-Castillo—in his motion to reopen, his motion for reconsideration, *and* his motion for an urgent ruling—meets the requirements of 8 C.F.R. § 1003.2.

## Conclusion

In conclusion, because the BIA failed to address and interpret relevant provisions of the TVPRA, we VACATE the BIA's decision and REMAND for the BIA to do so in the first instance.