# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2024

Lyle W. Cayce
Clerk

No. 23-60166

Robin Alexi Echegoyen Santos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Appeal from the Board of Immigration Appeals
Agency No. A209 839 366

_____

Before Southwick, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Robin Alexi Echegoyen Santos seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of asylum and withholding of removal. Agreeing with the IJ, the BIA ruled that Echegoyen Santos's interactions with the MS-13 gang in El Salvador did not amount to past persecution and that Echegoyen Santos failed to establish membership in a cognizable particular social group that would

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

support a well-founded fear of future persecution. We DENY Echegoyen Santos's petition in part and DISMISS it in part for lack of jurisdiction.

Echegoyen Santos is a native and citizen of El Salvador who entered the United States without proper documentation in October 2016 at the age of 17. He was designated as an unaccompanied alien child ("UAC") and was issued a notice to appear charging him with being removable. He was placed in the custody of the Office of Refugee Resettlement's Division of Children's Services, which is responsible for UACs, but was then released to the custody of his biological mother, who had lived in the United States since 2006. The Government initiated removal proceedings in June 2017, and in a September hearing before the IJ, Echegoyen Santos conceded through counsel that he was removable for lacking proper documentation under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Echegoyen Santos applied for asylum and withholding of removal in a July 2019 hearing before the IJ.[1] The hearing took place a few days short of Echegoyen Santos's 20th birthday. In his application, Echegoyen Santos asserted he had been persecuted in El Salvador and would be again if he returned there because of his opposition to the MS-13 gang. He claimed to belong to a particular social group ("PSG") comprised of "Salvadorian youth who have opposed gang recruitment." Echegoyen Santos testified before the IJ that he was approached by MS-13 members in 2013 when he was 13 or 14 years old. He explained that he was forced to transport guns, drugs, and extortion money for the gang, relay messages between members, and serve as a lookout under threats of physical violence and death against him and his family. He never reported the threats to the police or school

_____

[1] Santos also sought protection under the Convention Against Torture, but he later withdrew that request.

authorities because he believed they could not help and because he knew the gang sometimes obtained information from the police. Although MS-13 never followed through on its threats, Echegoyen Santos feared MS-13 or rival gangs would retaliate against him and possibly murder him if he ever returned to El Salvador. The parties stated there were no evidentiary disputes.

The IJ denied asylum and withholding of removal and ordered Echegoyen Santos removed to El Salvador. As a preliminary matter, the IJ recognized Echegoyen Santos was designated a UAC when he arrived in the United States, but also that the designation terminated when he was released to his mother's custody and after he reached the age of 18. *See* 6 U.S.C. § 279(g). As a result, the IJ stated, "the court took jurisdiction over the case as opposed to sending it to [United States Citizenship and Immigration Services ('USCIS')], which is where the cases for unaccompanied children go." *See* 8 U.S.C. § 1158(b)(3)(C). Regarding Echegoyen Santos's claims of past persecution, the IJ concluded that, "in the aggregate," the threats against him and his family that did not result in physical harm were "insufficient for a finding of past persecution." The IJ further found that Echegoyen Santos's proposed PSG of "Salvadorian youth who oppose gang recruitment" was not cognizable because it was "too broad and amorphous" and, alternatively, Echegoyen Santos failed to establish that he was a member of the PSG because he had not resisted gang recruitment. Lastly, because the burden of proof for withholding of removal was higher than for asylum claims, the IJ determined Echegoyen Santos necessarily failed to establish he was entitled to withholding of removal.

The BIA affirmed the IJ's findings and dismissed Echegoyen Santos's appeal. Echegoyen Santos timely petitioned this court for review.

When the BIA "essentially adopt[s] the IJ's reasoning," we review both decisions. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, and conclusions of law are reviewed *de novo*. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). We will not reverse a factual finding "unless the petitioner demonstrates 'that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion.'" *Id.* (quoting *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012)). The BIA's jurisdiction is a question of law that we review *de novo*. *See Velasquez-Castillo v. Garland*, 91 F.4th 358, 363 (5th Cir. 2024).

Echegoyen Santos raises various arguments challenging the IJ's and BIA's decisions. Some were exhausted; others were not. We will start with the exhausted arguments.

Echegoyen Santos argues the IJ and BIA erred in finding that he did not suffer past persecution because he and his family received credible death threats from MS-13 gang members. He further contends the IJ and BIA failed to consider his persecution evidence cumulatively.

"Persecution *always* requires an 'extreme' level of conduct — no matter if the alleged mistreatment is physical or not." *Rangel v. Garland*, 100 F.4th 599, 604 (5th Cir. 2024) (emphasis in original) (citation omitted). Death threats alone, to the extent they constitute past and not future persecution, are insufficient when they are "exaggerated, non-specific, or lacking in immediacy." *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019) (citation omitted). Though we do not minimize Echegoyen Santos's mistreatment, the record lacks evidence of the extreme level of conduct required for a finding of persecution, nor is there evidence compelling "a finding that the incidents created a threat that was so imminent and so menacing as to amount to persecution." *Rangel*, 100 F.4th at 606.

Echegoyen Santos's testimony that MS-13 never followed through with its threats distinguishes this case from those cited in his brief.[2]  *See Diallo v. Att'y Gen.*, 596 F.3d 1329, 1333 (11th Cir. 2010); *Sok v. Mukasey*, 526 F.3d 48, 54–55 (1st Cir. 2008); *see also Qorane*, 919 F.3d at 909–10.  His assertion that the IJ failed to consider the evidence cumulatively, moreover, is belied by the IJ's decision, which specifically recognized that "[m]ultiple lesser harms suffered in the aggregate could possibly arise to persecution" but did not in this case.  Thus, we find no error in the IJ's determination that there was no past persecution, which the BIA adopted.

Next, Echegoyen Santos argues the IJ and BIA erred in concluding his proposed PSG — "Salvadorian youth who have opposed gang recruitment" — was not cognizable and therefore did not support finding a credible fear of future persecution.  To be cognizable, a PSG must, among other requirements, "be defined with particularity."  *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019).  "Salvadorian youth who oppose gang recruitment" is no more particular than "Salvador[an] males between the ages of 8 and 15 who have been recruited by [a gang] but have refused to join the gang because of their principal opposition to the gang and what they want," which we previously held lacks the necessary level of particularity to constitute a PSG.  *Orellana-Monson*, 685 F.3d at 521–22 (first alteration in original); *see also Herrera-Velasquez v. Holder*, 636 F. App'x 619, 619 (5th Cir. 2010).  Echegoyen Santos's brief cites no authority or evidence, much less compelling evidence, to depart from this conclusion.  Thus, the IJ did not err

---

[2] We stress, however, that establishing physical harm is not a prerequisite for past persecution.  *Argueta-Hernandez v. Garland*, 87 F.4th 698, 707–08 (5th Cir. 2023).  Even so, the IJ did not err in concluding that the threats here failed to meet the relevant standard.  *See Rangel*, 100 F.4th at 606.

in determining Echegoyen Santos's PSG was "too broad and amorphous," and the BIA did not err in affirming on this ground.[3]

Echegoyen Santos also raises two unexhausted arguments. The immigration statute requires exhaustion of all administrative remedies. 8 U.S.C. § 1252(d)(1). This means petitioners "must have presented an issue in some concrete way in order to put the BIA on notice of [their] claim." *Abubaker Abushagif v. Garland*, 15 F.4th 323, 333 (5th Cir. 2021) (citation omitted). The Supreme Court has clarified that the exhaustion requirement is a non-jurisdictional claim-processing rule that is subject to waiver and forfeiture. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023). Though this court has yet to determine whether this claim-processing rule is mandatory, courts have generally declined to decide unexhausted arguments when waiver or forfeiture is properly raised by the Government. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023).

Echegoyen Santos's first unexhausted argument is that the BIA and IJ erred by failing to account for his age, level of sophistication, and vulnerabilities. The Government objects on the basis that this argument is not exhausted. Echegoyen Santos's brief to the BIA did not raise this purported error in the IJ's decision and therefore did not "put the BIA on notice of his claim." *Abubaker Abushagif*, 15 F.4th at 333 (citation omitted). Accordingly, the issue is unexhausted, and we decline to decide it. *See Munoz-De Zelaya*, 80 F.4th at 694.

Echegoyen Santos's second unexhausted argument is that the IJ, and therefore the BIA, lacked jurisdiction to decide Echegoyen Santos's asylum

---

[3] Because the lack of particularity is dispositive, we need not review the BIA's and IJ's determinations that Santos was not a member of his proposed PSG or the nexus between the PSG and Santos's mistreatment.

application because USCIS had exclusive jurisdiction based on his UAC status. Despite the IJ's explicit finding that Echegoyen Santos lost his UAC status when he was released to the custody of his mother and when he filed his asylum application after reaching the age of 18, Echegoyen Santos did not argue to the BIA that the USCIS had exclusive jurisdiction on that issue.

Thus, the two exhaustion issues here are distinguishable. Only this second one concerns the jurisdiction of the IJ to act. We have previously analyzed a BIA determination of the jurisdiction of an IJ without questioning the BIA's authority to do so. *See Sung v. Keisler*, 505 F.3d 372, 375–76 (5th Cir. 2007), *abrogated on other grounds by Wilkinson v. Garland*, 601 U.S. 209 (2024). We conclude that the question of the IJ's jurisdiction could properly have been raised with the BIA and resolved, but it was not. While usually we must address jurisdiction regardless of a party's failure to do so, we agree with a sister circuit that the failure to raise the issue in the BIA is a failure to "exhaust his administrative remedies as to his argument that USCIS, rather than an IJ, had initial jurisdiction over his asylum application." *Tepas v. Garland*, 73 F.4th 208, 214 (4th Cir. 2023). As a result of the failure to exhaust in this context, we do not address the issue.

Finally, Echegoyen Santos urges us to remand to the BIA or hold this case in abeyance because the Government has recently changed its enforcement priorities and, according to Echegoyen Santos, his removal proceedings will likely be terminated as a result. We lack jurisdiction to consider claims based on the Government's decision "to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). This includes arguments for remand based on favorable changes in prosecutorial policy. *See Cordero-Chavez v. Garland*, 50 F.4th 492, 495 n.1 (5th Cir. 2022). Thus, we dismiss this part of Echegoyen Santos's petition.

Petition DENIED in part and DISMISSED in part.